458

**UNITED STATES, Appellee,**

v.

**Ray A. KING, Private, U. S. Army, Appellant.**

No. 33,840.

SPCM 12514.

U. S. Court of Military Appeals.

Oct. 17, 1977.

Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Captain Larry D. Anderson, and Captain Willard E. Nyman, III, were on the pleadings for the Appellant, Accused.

Colonel Thomas H. Davis, Major Steven M. Werner, and Captain Gary F. Thorne, were on the pleadings for the Appellee, United States.

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was convicted, pursuant to his pleas, of wrongful appropriation, two specifications of possession of marihuana, and two specifications of absence without leave in violation of Articles 121, 134, and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 934, and 886, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $75.00 pay per month for 4 months, and reduction to the grade of Private E–1. The convening authority approved the findings and sentence, but suspended execution of the confinement and forfeiture portions of the sentence in excess of 3 months. The United States Army Court of Military Review affirmed the findings and sentence as approved by the convening authority. We granted review to determine whether the military judge failed to satisfy the requirements of *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976), and, if so, the nature of the appropriate remedy.

In *Green* we adopted the following guidance from *United States v. Elmore*[1] to insure that the propriety and meaning of the various plea bargain provisions would be satisfactorily set forth *on the record*:

"[T]he trial judge must shoulder the primary responsibility for assuring on the record that an accused understands the meaning and effect of each condition as well as the sentence limitations imposed by any existing pretrial agreement. Where the plea bargain encompasses conditions which the trial judge believes violate either appellate case law, public policy, or the trial judge's own notions of fundamental fairness, he should, on his own motion, strike such provisions from the agreement with the consent of the parties.

---

1. *United States v. Elmore*, 1 M.J. 262, 264 (1976) (Fletcher, C. J., concurring).

In addition to his inquiry with the accused, the trial judge should secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain."

We expressed in *Green*[2] these reasons for requiring this procedure as part of all plea bargain inquiries:

Judicial scrutiny of plea agreements at the trial level not only will enhance public confidence in the plea bargaining process, but also will provide invaluable assistance to appellate tribunals by exposing any secret understandings between the parties and by clarifying on the record any ambiguities which lurk within the agreements. More importantly, a plea bargain inquiry is essential to satisfy the statutory mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made. *See* Article 45(a), Uniform Code of Military Justice, 10 USC § 845(a). Finally we believe trial judges must share the responsibility, which until now has been borne by the appellate tribunals, to police the terms of pretrial agreements to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness.

Our final conclusion[3] was that

[w]e will view a failure to conduct a plea bargain inquiry as a matter affecting the providence of the accused's plea after the implementation date of this opinion.

In the instant case the military judge failed to secure from the defense counsel as well as the prosecutor confirmation that the written agreement encompassed all of the understandings of the parties, and that the judge's interpretation of the agreement comported with their understanding both as to the meaning and effect of the plea bargain. Hence, it is clear that the mandate of *Green* was not met,[4] and we must determine whether, as suggested by the government, to adopt a different remedy than normally utilized in providence cases under *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Counsel urge that "substantial" compliance will suffice,[5] and that we should not, absent a showing of a *sub rosa* agreement, declare a plea improvident because of a failure by the trial judge to strictly follow the procedure set forth in *Green*. This is unacceptable because it ignores the basic policies behind *Green* of requiring the trial judiciary to actively participate in and prepare a record for the appellate authorities which satisfactorily demonstrates the absence of such agreements.[6] Since we believe that the whole purpose of *Green*, as set forth earlier in this opinion, is thwarted[7] unless its terms are strictly adhered to, we decline either to attempt to "fill in" a record left silent because of the trial judge's omission or to develop a sliding scale analysis whereby "substantial compliance" becomes our standard for review.

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge PERRY concurs.

---

2.  1 M.J. 453, 456 (1976).

3.  *Id.*

4.  The parties agree that the *Green* requirements were not strictly met.

5.  *See United States v. Crowley*, 3 M.J. 988 (A.C.M.R.1977) (en banc). *Cf. United States v. Goode*, 3 M.J. 532 (A.C.M.R.1977).

6.  We have recently on two separate occasions specifically stressed the need for the trial judiciary to conduct this type of inquiry. *See United States v. Lanzer*, 3 M.J. 60 (C.M.A.1977), and *United States v. Bertelson*, 3 M.J. 314 (C.M.A.1977).

7.  We feel that the propriety of such agreements will remain "a fertile source of appellate litigation" unless this procedure is retained as a mandatory portion of the trial judge's inquiry.

COOK, Judge (dissenting):

We seem to have come to the point where the trial judge's failure to dot every "i" and cross every "t" of the increasingly complicated trial procedure the Court is fashioning constitutes reversible error. I cannot accept that as principle, especially as this part of the present procedure is designed to assure an appellate court there are no secret "understandings" in connection with a pretrial agreement to plead guilty. This record leaves me convinced beyond a reasonable doubt that the error, if any, did not prejudice the accused. I would, therefore, affirm the decision of the Court of Military Review.