UNITED STATES

v.

**Wesley C. WILSON, 358 48 5303, Lance Corporal (E-3), U. S. Marine Corps.**

NCM 77 1597.

U. S. Navy Court of Military Review.

Sentence Adjudged 23 May 1977.

Decided 22 Nov. 1977.

ROOT, Judge:

Pursuant to his pleas, appellant was convicted at a special court-martial bench trial of theft and housebreaking in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930. The case, as it reaches this Court, contains, *inter alia,* a suspended bad conduct discharge. The appellate defense counsel failed to assign any specific errors. There is a pretrial agreement and we note that in his pre-findings providency hearing, the military judge did a good job of inquiring of the appellant and his trial defense

counsel their understanding of the terms of the pretrial agreement, whether the terms as contained in the written document encompassed all of the understandings of the parties, and whether the judge's interpretation of the agreement comported with their understanding, both as to the meaning and effect of the plea bargain. The difficulty is that during the pre-findings portion of the inquiry, the trial judge failed to inquire of the trial counsel whether he was aware of any other agreements outside of the written agreement. The issue, which we must decide then, is whether the failure of the military judge to inquire specifically of the trial counsel whether there were any agreements outside of the written pretrial agreement of which he had knowledge, requires a finding by this Court that the accused's pleas are improvident. We conclude that it does not.

As alluded earlier, the trial judge meticulously inquired of the appellant and his trial defense counsel their understanding of the meaning and effect of the guilty pleas. He inquired into the appellant's understanding of the terms of the pretrial agreement and how they would affect any sentence which might be awarded. The inquiry specifically continued into the possible existence of other understandings or agreements which were not contained in the written document. The appellant and his counsel replied firmly and unhesitatingly that there were no other such agreements or understandings. *United States v. Green,* 52 C.M.R. 10, 13, 1 M.J. 453, 456 (1976) provides the following expression of the law:

> Judicial scrutiny of plea agreements at the trial level not only will enhance public confidence in the plea bargaining process, but also will provide invaluable assistance to appellate tribunals by exposing any secret understandings between the parties and by clarifying on the record any ambiguities which lurk within the agreements. More importantly, a plea bargain inquiry is essential to satisfy the statutory mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made. *See* Article

45(a), Uniform Code of Military Justice, 10 U.S.C. § 845(a).

The record is clear that appellant and his counsel understood the terms of the pretrial agreement. We have searched the entire record diligently to determine whether there is any indication whatever of any agreement between any of the parties which was not encompassed in the written pretrial agreement. The approved sentence was within the terms of the agreement. We find no evidence of the existence of any other agreement. Furthermore, the following colloquy is contained in the record:

> MJ: Major LAWLOR, are there any agreements between your client and the convening authority which are not embodied in this pretrial agreement?
>
> DC (MAJ LAWLOR): There are none, Your Honor.
>
> \* \* \* \* \* \*
>
> MJ: You're not aware of any such secret agreement are you, Lance Corporal WILSON, between yourself and the convening authority?
>
> ACCUSED (WILSON): No, sir. [R. 31]

Had there been any such agreements or understandings, either the trial defense counsel or the appellant would necessarily have been aware of them and would have been bound to bare them upon inquiry by the military judge. We hold, therefore, that the providency inquiry in this case is sufficient to meet the mandate of *United States v. Green, supra,* and *United States v. King,* 3 M.J. 458 (C.M.A.1977).

Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge GREGORY concur.