UNITED STATES

v.

Christopher B. SMITH, 065 48 0363,
Storekeeper Seaman Recruit E–1,
U. S. Navy.

NCM 77 1561.

U. S. Navy Court of Military Review.

Sentence Adjudged 13 April 1977.
Decided 30 March 1978.

LT Michael F. Fink, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, BAUM and MALLERY, JJ.

DUNBAR, Senior Judge:

On 13 April 1977, appellant was tried before a general court-martial, judge alone presiding, at U. S. Naval Station, Keflavik, Iceland. In accordance with his pleas, he was convicted of three specifications under Article 81, 10 U.S.C. § 881, *i. e.*, conspiracy to possess and transfer marijuana in hashish form, to escape from confinement, and to desert; one specification under Article 85, UCMJ, of desertion; one specification under Article 95, UCMJ, of escape from confinement, and one specification under Article 121, UCMJ, of wrongful appropriation of a vehicle. He was sentenced to 4 years confinement at hard labor, forfeiture of all pay and allowances, and a dishonorable discharge. Pursuant to a pretrial agreement, the sentence was reduced to 2 years and 6 months confinement at hard labor, forfeiture of all pay and allowances, and a bad-conduct discharge. Appellant asserts the following specific Assignments of Error:

 I. THE MILITARY JUDGE FAILED TO FULLY COMPLY WITH *UNITED STATES V. GREEN*, 1 M.J. 453 (C.M.A.1976) AND *UNITED STATES V. KING*, 3 M.J. 458 (C.M.A.1977).

 II. APPELLANT HAS BEEN DENIED A SPEEDY REVIEW UNDER THE MANDATE OF *DUNLAP V. CONVENING AUTHORITY*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), WHERE THE CONVENING AUTHORITY'S ACTION WAS COMPLETED ON 5 AUGUST 1977 AND APPELLANT'S TRIAL WAS COMPLETED ON 13 APRIL 1977 AND HE HAS BEEN IN CONTINUOUS CONFINEMENT EVER SINCE FOR A TOTAL OF 114 DAYS.

 III. APPELLANT WAS ILLEGALLY DENIED HIS RIGHT TO APPOINTMENT OF COUNSEL TO ADVISE HIM WITH REFERENCE TO THE CHARGES FOR WHICH HE WAS INCARCERATED BY ICELANDIC AUTHORITIES ON NOVEMBER 7, 1976.

I

 We have carefully reviewed the record of trial with regard to appellant's first assignment. The record shows that the military judge examined appellant concerning his understanding of all aspects of the agreement and whether there were any "separate oral agreements." The military judge also inquired concerning specification one of Additional Charge IV and obtained appellant's assurance that no separate agreement existed as to that specification to which appellant pled not guilty. The military judge specifically asked trial counsel and defense counsel whether there were any collateral agreements and if all the agreements respecting the sentence to be approved in the case were reduced to writing. Defense counsel replied in the affirmative and the record of trial indicates that trial counsel nodded his head in the affirmative. In our opinion, the record clearly shows there were no side agreements. Additionally, the military judge inquired of appellant whether he understood the sentencing limitations of the agreement to which appellant applied in the affirmative. We believe the mandate of *United States v.*

*Green, supra*, challenged in the concurring opinion in *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977), has been fully met in this case.

## II

Appellant contends that he was denied a speedy review of his case under *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). The appellant was placed in confinement for a period of 78 days following his conviction. At the end of this time he was released to Icelandic authorities to begin serving confinement for drug offenses committed under Icelandic law. Appellant argues that his release to Icelandic authorities was illegal and motivated by the convening authority's desire to avoid the *Dunlap* presumption. The Government submits there is no support for this proposition, noting that the Government of the United States has the power to negotiate and enter into an agreement with a foreign nation to allow this country to maintain and operate a military base. The Government states that the agreement legally provides for the release of military personnel to Icelandic officials for the purpose of serving adjudged sentences for violations of Icelandic laws.

Appellant had been found guilty of drug violations and sentenced to a prison term by Icelandic authorities. A proper request for his person was made and he was delivered to foreign authorities on or about the 78th day of his confinement. The Government contends there is no support in law or fact for imposing time served by the appellant in the civil confines of an Icelandic prison upon reviewing authorities in computing time for "speedy review" purposes.

The staff judge advocate's review of the case asserts that appellant's release to Icelandic authorities on the 78th day of post-trial confinement tolls the running of the period of delay accountable to the Government, citing *United States v. Reed*, 20 U.S. C.M.A. 120, 54 C.M.R. 120, 2 M.J. 64 (Interim) (1976). But appellant asserts that *Reed* is distinguishable in that it applied to release from military confinement to civilian confinement within the United States. He submits, therefore, that the failure of the Icelandic authorities to accord him a "prompt and speedy trial," contrary to the express provisions of the United States and Iceland agreement, necessitated that the United States authorities should have retained physical custody and jurisdiction over his person until the convening authority had acted on his record. Also, appellant had previously been incarcerated by Icelandic authorities for a period of 3 months prior to the time he was tried by court-martial. He complains that at no time during the incarceration was he assigned counsel by United States authorities.

 It is our opinion, after careful consideration of all the circumstances in this case, that appellant has failed to establish clearly that Icelandic authorities failed to accord him a prompt and speedy trial, nor has he demonstrated to this Court what constitutes a fair and speedy trial under Icelandic criminal procedures. Additionally, we conclude that the *Dunlap* rule is not applicable, and that when appellant was properly released to Icelandic authorities, the period of delay accountable to the Government was tolled. His incarceration during this period was the result of his own wrongdoing and we do not believe the Government should be held accountable for confinement imposed and served as a result of action taken by civil authorities. *Dunlap* is designed to prevent military authorities from unduly retaining in confinement persons who have been sentenced by courts-martial. Therefore, in our opinion *Dunlap* is simply not relevant to individuals held by civil authorities. Nor, do we believe that the Interstate Agreement on Detainers Act (18 U.S.C.A. App.) cited by appellant, has any applicability to events occurring in Iceland. The purpose of the Interstate Agreement is to avoid speedy trial issues and provide a way for a prisoner to be tried in another state, either at the prisoner's request or at the request of the state where

charges are pending. The second assignment is not concurred in.

III

■ Appellant asserts that he was illegally denied his right to appointment of counsel to advise him with reference to the charges for which he was incarcerated by Icelandic authorities. Appellate defense counsel, who served as trial defense counsel, concedes that at the time of trial he informed the military judge that the Government was under no duty to provide appellant with counsel while appellant was being held by Icelandic authorities. Moreover, even were there a right to counsel which was violated, we do not accept appellant's assertion as to the causal connection between such a violation and the commission of later offenses by appellant. The third assignment of error is rejected.

In view of the foregoing, the findings and sentence as approved below, are affirmed.