UNITED STATES

v.

Captain George H. SEBERG, Jr.

ACM 22312.

U. S. Air Force Court of Military Review.

19 April 1978.

### ORDER

In the above styled case, tried at Yokota Air Base, Japan, on 13 October 1977, the accused announced an intention to plead guilty to all charges and specifications and the military judge proceeded to conduct an inquiry into the providence of the proposed plea. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Upon ascertaining that a plea bargain existed, the military judge thoroughly explored the matter with the accused.

By his questions, the military judge established that the accused understood the meaning and effect of each condition in the pretrial agreement, including the sentence limitations. *United States v. Green,* 1 M.J. 453 (C.M.A. 1976). As he was sitting alone in the case, the judge properly postponed inquiry into the sentence limitations specified in the plea bargain until after he announced sentence. At that time, he initially examined the appendix to the agreement expressing such limitations, declared his understanding thereof, and sought and received the concurrence of counsel for both sides that their understanding coincided with his.

■ Unfortunately, however, at no time during the inquiry did the military judge address questions to either the defense counsel or the prosecutor to secure their assurance that the written agreement incorporated all terms and conditions. And, except as noted concerning the sentence limitations, at no time did he seek and obtain the concurrence of counsel that his understanding of the agreement comported with their's. As a consequence, the mandate of the United States Court of Military Appeals in *United States v. Green,* supra, was not fully met. *United States v. King,* 3 M.J. 458 (C.M.A. 1977).

■ Although we could set aside the findings of guilty and the sentence as a result of the foregoing omissions, we be-

lieve that our appellate fact finding authority under Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866 permits us to first make an effort to remedy what we evaluate to be a defect collateral to the requirements of the inquiry into the voluntariness of the plea itself. We believe such effort is particularly appropriate here since actual prejudice has not been asserted by appellate defense counsel, nor has our own scrutiny of the record revealed any indication of prejudice. See *United States v. Crowley,* 3 M.J. 988 (A.C.M.R.1977) (en banc), reversed by order, 4 M.J. 170 (C.M.A. 1977), order withdrawn and motion for reconsideration granted (C.M.A. 9 Feb. 1978); *United States v. Williamson,* 4 M.J. 708 (N.C.M.R.1977); see also Article 62(b), Code, supra.

In our judgment, the facts we seek can properly be established during a limited evidentiary hearing convened for that purpose. See *United States v. Crowley,* supra, and particularly the dissenting and concurring opinion by Judge Costello and the cases cited therein; *United States v. Ray,* 20 U.S. C.M.A. 331, 43 C.M.R. 171 (1971); *United States v. Dubay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967); *Smith v. Helgemoe,* 23 U.S.C.M.A. 38, 48 C.M.R. 509 (1974); *Blackledge v. Allison,* 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *contra United States v. Gregg,* 4 M.J. 897 (N.C.M.R.1978), in which the Navy Court of Military Review interpreted *United States v. King,* supra, as mandating that a plea be declared improvident and set aside in circumstances involving the instant plea bargain inquiry omissions. We decline to follow *Gregg.* Unlike the Court in *Gregg,* we do not interpret the disposition by the Court of Military Appeals in *King* as a rejection of the limited hearing remedy. *King* does not discuss the viability of this remedy.

Accordingly, the case is returned to The Judge Advocate General of the Air Force for action as required to assure that such hearing is conducted. The hearing may be ordered by the convening authority who acted on the case or any convening authority designated by The Judge Advocate General for such purpose. The hearing will be attended by the military judge who presided at trial, or such other military judge as may be designated by the convening authority, the accused, and counsel for both sides. During the hearing, the military judge will question trial and defense counsel in order to determine whether the written agreement encompasses all of the understanding of the parties, and that the judge's own interpretation of the agreement comports with theirs, both as to the meaning and the effect of the plea bargain. *United States v. King,* supra. The military judge will make such findings of fact as are appropriate.

A verbatim record will be made of the proceedings, which, following proper authentication, will be submitted to this Court for further review of the case.

Order by ORSER, Judge, in which EARLY, Chief Judge, concurs.

ARROWOOD, Judge, not participating.