**UNITED STATES**

v.

**Robert G. CAIN, 383 60 7514, Corporal (E–4), U. S. Marine Corps.**

**NCM 78 0051.**

U. S. Navy Court of Military Review.

Sentence Adjudged 14 July 1977.

Decided 13 July 1978.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before NEWTON, Senior Judge, and GLADIS and GRANGER, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his guilty pleas, entered in accordance with a pretrial agreement, of communicating a threat and obstructing justice in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and sentenced to a bad-conduct discharge, confinement at hard labor for 12 months, forfeiture of $200 per month for 12 months, and reduction to pay-grade E-1. In his initial action, the convening authority reduced the period of confinement to 10 months, but otherwise approved the sentence. In subsequent actions he suspended confinement in excess of 6 months and remitted the unexecuted confinement.

The issues presented in this case are whether the requirement of *United States v. Green*, 1 M.J. 453 (C.M.A.1976), that the record demonstrate the absence of secret agreements in connection with a plea-bargain, has been satisfied, and, if not, whether the accused may waive the error by directing appellate defense counsel not to raise the issue.

We find that the providence of the accused's guilty pleas was not adequately established at trial and that, in view of the principles enunciated in *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969) and *United States v. Green, supra,* as well as this Court's statutory duty to affirm only so much of the findings and sentence as we find to be correct in law and fact, the accused's direction to his appellate defense counsel not to raise this issue does not constitute a valid waiver of the requirement that the providence of guilty pleas must be demonstrated at trial.

*Adequacy of Plea-Bargain Inquiry*

In *Green, supra,* to ensure that the propriety and meaning of various plea-bargain provisions would be satisfactorily set forth on the record, the Court of Military Appeals announced guidelines for plea-bargain inquiries, which include the trial judge's securing assurance from the counsel for the accused as well as the prosecutor that the written agreement encompasses all of the understandings of the parties. The Court noted that a plea-bargain inquiry is essential to satisfy the statutory mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made, and held that henceforth failure to conduct a plea-bargain inquiry would be viewed as a matter affecting the providence of the accused's plea. Subsequently, in *United States v. King,* 3 M.J. 458 (C.M.A.1977), a case in which the military judge failed to secure from the defense counsel as well as the prosecutor confirmation that the written pretrial agreement encompassed all of the understandings of the parties, the Court declined to fill in a record left silent by the trial judge's omission, or, even absent a showing of a *sub rosa* agreement, to refrain from declaring the plea provident. The Court stated that refusal to declare a plea improvident, because of failure of the trial judge to follow strictly the procedure set forth in *Green,* is unacceptable because it ignores the basic policy behind *Green,* of requiring the trial judiciary to participate actively in and prepare a record for the appellate authorities which satisfactorily demonstrates the absence of such agreements. The Court declined to adopt a different remedy from that normally utilized in providence cases under *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and reversed.

In this case the military judge attempted to comply with the *Green* guidelines by ascertaining from the accused that no promises other than those contained in the written agreement were made to him. (R. 20). His inquiry, however, does not satisfy the policy underlying *Green,* which

is to ensure that any secret understandings between the parties are exposed and that the terms of the agreement comply with statutory and decisional law, as well as basic notions of fundamental fairness. It cannot be determined from the inquiry whether the accused assumed any obligations not set forth in the written agreement in order to obtain the benefit of the sentence limitations agreed to by the convening authority, or, if he did, whether such obligations violated public policy. *See e. g., United States v. Cummings,* 17 U.S.C.M.A. 376, 38 C.M.R. 174 (1968), in which the pretrial agreement contained a provision in which the accused purported to waive any issue of speedy trial.

 In a post-trial affidavit, the accused states that there are no understandings not embodied in the written agreement. But *King, supra,* prohibits appellate authorities from filling in a record which does not establish the providence of an accused's pleas by compliance with the procedures mandated in *Care* and *Green. United States v. Gregg,* 4 M.J. 897 (N.C.M.R.1978). Even if the affidavit is considered, it does not adequately demonstrate the absence of secret agreements. *See e. g., United States v. Troglin,* 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972), in which the accused was not informed of an unwritten agreement by defense counsel not to raise an issue. When the accused states at trial that there are no unwritten agreements and defense counsel remains silent, his silence may be considered to be acquiescence in the representation of the accused and tantamount to a verbal response. Although the accused's post-trial affidavit was sworn to before individual military counsel, civilian counsel and detailed defense counsel have not been adequately queried concerning secret agreements.

Inasmuch as the record does not satisfactorily demonstrate the providence of the accused's pleas under the guidelines enunciated in *Green, King* requires reversal unless the accused has effectively waived the requirements of *Green* by his direction to

appellate defense counsel not to raise the issue.

## Waiver

 The accused has directed appellate defense counsel not to raise the issue of whether his guilty pleas are improvident in light of the holding in *King, supra.* We must determine whether his direction can effectively preclude this Court from considering that issue. An appellate court is not bound by concessions of counsel, but may examine the issues conceded. *See United States v. McNamara,* 7 U.S.C.M.A. 575, 23 C.M.R. 39 (1957); *United States v. Patrick,* 2 U.S.C.M.A. 189, 7 C.M.R. 65 (1953). It may take cognizance of clear error not assigned. *United States v. Stringer,* 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954). But an accused may waive statutory rights, which he may or may not elect to exercise. *See United States v. Darring,* 9 U.S.C.M.A. 651, 26 C.M.R. 431 (1958); *United States v. Ponds,* 1 U.S.C.M.A. 385, 3 C.M.R. 119 (1952). He may not, however, waive the mandatory requirements of the Uniform Code of Military Justice. *Cf. United States v. Whitney,* 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974) (verbatim record as a prerequisite for approval of a bad-conduct discharge). Articles 65 and 66, Uniform Code of Military Justice, mandate review by this Court of cases which include bad-conduct discharges. We may affirm only such findings of guilty, and sentence, or part thereof, as we find to be correct in law and fact. Article 66, Uniform Code of Military Justice. If the approved sentence includes a bad-conduct discharge, an accused has no choice as to whether his case will be reviewed by this Court. Although ordinarily he may decline to exercise his rights to be represented by appellate defense counsel and subsequently to petition the Court of Military Appeals for review, he may not waive review by the Court of Military Review, because Congress in the exercise of its constitutional authority to regulate the land and naval forces has mandated such re-

view.[1] The direction of the accused to counsel not to raise an issue cannot abrogate our statutory duty to approve only such findings of guilty and sentence as we find to be correct in law and fact, and determine should be approved on the basis of the entire record.[2]

■ An appellate waiver does not preclude us from considering an issue. Although an accused may not desire to have his case reviewed by this Court, he cannot prevent us from doing so, if the record is properly before us, even though he may direct appellate defense counsel to raise no issues. In a similar vein, he cannot prevent us from reviewing any issue, although he may not desire review of that issue, because he cannot avoid a review of the nature mandated by Congress. *See United States v. Whitney, supra.* The accused may not desire a rehearing, but this Court is authorized by Article 66 to go beyond the relief requested. *Cf. Forman v. United States,* 361 U.S. 416, 425 (1960). In effect, the dissenting judge would have us refuse to perform our statutory duty to review the entire record by declining to review an issue presented.

■ The findings of guilty are not correct in law because, in the absence of a plea-bargain inquiry complying with the requirements of *United States v. Green, supra,* the record does not satisfactorily demonstrate the providence of the accused's pleas. An accused cannot waive the requirement that the record demonstrate the providence of guilty pleas. Therefore, the findings of guilty and sentence, are set aside. A rehearing is authorized.

Judge GRANGER concurs.

NEWTON, Senior Judge (dissenting):

I dissent.

I find it preposterous to hold an accused cannot knowingly waive a case-law estab-

lished error on appeal. I can find no relationship between an improvident plea and an accused who says I understood the law when I entered my plea and I am guilty. A provident plea requires a voluntary, knowing, intelligent, conscious and understanding admission of guilt. That's what providency is all about. That is what the law requires be established. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Our statutory duty requires the Court to find conviction and sentence correct in law and fact. This record and allied papers establishes that finding to a certainty, beyond reasonable doubt. Article 66 Uniform Code of Military Justice, 10 U.S.C. § 866; *United States v. Ward,* 1 M.J. 176 (C.M.A.1975).

In view of the accused's knowing, conscious and voluntary post-trial waiver of any error which may exist concerning the providency of his pleas, *United States v. King,* 3 M.J. 458 (C.M.A.1977), and the absence of any other matter prejudicial to the accused, I would affirm the findings and sentence as approved prior hereto.

---

1. *United States v. Care, supra* requires a judicial determination of the providence of the plea and a total transcript of the plea inquiry for the purpose of review. *United States v. Lanzer,* 3 M.J. 60 (C.M.A.1977).

2. Our examination of a record may reveal that, in the absence of a violation of due process and

denial of a fair trial, an error has been waived by failure to object at trial, that the accused, consequently, has suffered no prejudice, and that, therefore, the findings and sentence are correct in law and fact. *Cf. United States v. Stringer, supra.*