**UNITED STATES**

v.

**Timothy L. COLLINS, 518 70 9282, Mess Management Specialist Second Class (E–5), U. S. Navy.**

**NCM 78 0759.**

U. S. Navy Court of Military Review.

Sentence Adjudged 15 Dec. 1977.

Decided 6 Oct. 1978.

CAPT G. M. Potter, USMC, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before FERRELL, GREGORY and GLADIS, JJ.

FERRELL, Senior Judge:

Appellant assigns the following errors on appeal:

I

THE APPELLANT'S PLEAS OF GUILTY WERE RENDERED IMPROVIDENT WHEN THE MILITARY JUDGE FAILED TO INQUIRE FROM EITHER COUNSEL WHETHER THE WRITTEN PRETRIAL AGREEMENT INCLUDED ALL OF THE AGREEMENTS AND UNDERSTANDINGS BETWEEN THE APPELLANT AND THE CONVENING AUTHORITY. (*SEE United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (C.M.A. 1976); *United States v. King*, 3 M.J. 458 (C.M.A.1977).

II

THE SPECIFICATION UNDER CHARGE IV FAILED TO STATE AN OFFENSE.

We disagree and affirm.

The military judge ascertained that the accused had read the agreement and understood it. (R. 35). He then questioned the accused as to his understanding of the application of the pretrial agreement if he pleaded guilty to intending to distribute 40 grams of hashish, instead of 193 grams as alleged in the specification under Charge IV. (R. 38). The accused stated he understood the Government would not proceed to prove the larger amount. The trial and defense counsel agreed with the interpretation of the accused. When a stipulation, Prosecution Exhibit 1, was offered, the Military Judge asked the accused if he was

required to sign the document as a part of the pretrial agreement. The accused answered, "No, sir." (R. 42). The military judge also asked the trial counsel if he was aware of any agreements outside of the written pretrial agreement. The trial counsel replied he was aware of no such agreements and the defense counsel made no comment pertaining to any other agreements. (R. 45).

Following the announcement of sentence by the members, the military judge held an out of court session and ascertained that the accused, defense counsel and trial counsel agreed with his interpretation of the pretrial agreement. (R. 129). The sentence as approved comported with the pretrial agreement. The assignment of error is denied. *See United States v. Hibbens*, No. 78 0251 (NCMR 26 June 1978) and *United States v. Lopez*, No. 78 0705 (NCMR 7 August 1978).

In his second assignment of error, the accused contends the specification under Charge IV fails to state an offense. Although the charge was brought under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, the specification recites a violation of 21 U.S.Code, Section 841, which, the appellant contends, is without extraterritorial application. The specification is set forth as follows:

In that Mess Management Specialist Second Class Timothy L. Collins, U. S. Navy, USS JOHN F. KENNEDY (CV 67), then assigned to Attack Squadron Seventy-Two, did, on board USS JOHN F. KENNEDY (CV 67), at or about 2320, 12 May 1977, wrongfully possess, with intent to distribute, approximately 193 grams of marijuana in the hashish form, a controlled substance within the meaning of 21 U.S.C. 812, as amended, in violation of 21 USC 841.[1]

The USS JOHN F. KENNEDY, at the time of the alleged offense, was enroute from Alexandria, Egypt, to Naples, Italy. Prosecution Exhibit 1.

The accused argues that the situs of the offense on board a U. S. Navy ship should have no import in deciding the issue of extraterritoriality. The Supreme Court, however, has consistently recognized that a public vessel constructively constitutes a part of the territory of the nation to which it belongs. "As we have before stated, a vessel is deemed part of the territory of the country to which she belongs." *United States v. Rodgers*, 150 U.S. 249, 14 S.Ct. 109, 37 L.Ed. 1071 (1893). Mr. Webster, while Secretary of State, in his letter to Lord Ashburton of August 1, 1842, stated:

. . . It is natural to consider the vessels of a nation as parts of its territory, though at sea, as the state retains its jurisdiction over them; and, according to the commonly received custom, this jurisdiction is preserved over the vessels even in parts of the sea subject to a foreign dominion. This is the doctrine of the law of nations, clearly laid down by writers of received authority, and entirely comformable, as it is supposed, with the practice of modern nations . . . . the law of nations, as I have stated it, and the statutes of governments founded on that law, as I have referred to them, show that enlightened nations, in modern times, do clearly hold that the jurisdiction and laws of a nation accompany her ships, not only over the high seas, but into ports and harbors, or wheresoever else they may be water-borne, for the general purpose of governing and regulating the rights, duties, and obligations of those on board thereof, and that, to the extent of the exercise of this jurisdiction, they are considered as parts of the territory of the nation herself. (6 Webster's Works, at 306, 307 (1842)).

The principles set forth by Webster have been accepted and followed by the Supreme Court. *United States v. Rodgers, supra*; *United States v. Flores*, 289 U.S. 137, 53 S.Ct. 580, 77 L.Ed. 1086 (1933). Federal statutes, even though not written to specifically include the high seas within their jur-

1. In accordance with his guilty plea, the accused was found guilty of wrongful possession with intent to distribute 40 grams, vice 193 grams, of hashish.

isdiction, are as enforceable aboard U.S. ships as on U.S. soil.

Accordingly, the findings of guilty and sentence as approved below are affirmed.

Judge GREGORY and Judge GLADIS concur.