**UNITED STATES**

v.

**Michael R. HARVEY, 296 64 9048, Lance Corporal (E–3) U. S. Marine Corps.**

**NCM 78 0903.**

U. S. Navy Court of Military Review.

12 Oct. 1978.

**546**

Findings of guilty and sentence as approved affirmed.

LCDR William C. Henderson, JAGC, USN, Appellate Defense Counsel.

LT Richard A. Joyce, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

PER CURIAM:

We have examined the record of trial, the assignments of error, and the Government's reply thereto, and we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

■ In the specification under Charge II, appellant was charged with wrongful sale of property of the Navy Exchange, Naval Support Activity, Naples, Italy, in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908. Appellant argues that property of the Navy Exchange does not constitute "military property of the United States" and, therefore, the specification does not allege an offense. We do not concur in this narrow interpretation of "military property of the United States," and we find the specification in question to be sufficient. *United States v. Mullins*, 34 C.M.R. 694 (N.B.R.1964); *United States v. Foust*, 20 C.M.R. 907 (A.F.B.R.1955). *Also see United States v. Busic*, 2 M.J. 1165 (N.C.M.R.1975); *United States v. Dobson*, No. 70 3715 (N.C.M.R. 5 May 1971). *But see United States v. Geisler*, 37 C.M.R. 530 (A.B.R.1966).

■ Appellant also alleges on appeal that the record of trial fails to establish the concurrence of counsel for each side with the military judge's interpretation of the pretrial agreement. *See United States v. King*, 3 M.J. 458 (C.M.A.1977). We note that both counsel had an opportunity to determine the military judge's interpretation of the agreement through the judge's questioning of appellant. We find that, by their failure to voice any objection to the apparent concordant understanding of appellant and the military judge as to the meaning and effect of the pretrial agreement, trial counsel and defense counsel indicated their agreement with the judge's interpretation of the agreement. *United States v. Clendenning*, No. 78 0155 (N.C. M.R. 28 March 1978), *pet. denied*, 5 M.J. 360 (C.M.A.1978); *United States v. Blasingame*, No. 77 2008 (N.C.M.R. 18 January 1978), *pet. denied*, 5 M.J. 138 (C.M.A.1978).

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.