**UNITED STATES**

v.

**David M. NEWLAND, 315 74 3260, Private (E–1), U. S. Marine Corps.**

**NCM 80 0727.**

U. S. Navy Court of Military Review.

Sentence Adjudged 6 Dec. 1979.

Decided 25 Aug. 1980.

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before BAUM, PRICE and EDWARDS, JJ.

BAUM, Senior Judge:

This case was tried before military judge alone sitting as a special court–martial at

Marine Corps Air Station, El Toro, California.

Appellant entered pleas of guilty in this case pursuant to a short innovative pretrial agreement which, exclusive of the sentence limitation in Appendix A, reads as follows:

Comes now the defendant in the above—titled case and freely and voluntarily, upon advice of lawyer counsel and fully understanding the meaning and effect of pleas of guilty and the procedures pertaining thereto, hereby agrees to enter pleas of guilty as indicated below, provided the sentence as approved by the convening authority will not exceed the sentence indicated in Appendix A or that adjudged by the court, whichever is less.

The defendant understands that said pleas of guilty may be withdrawn any time before sentence is announced, but not thereafter, and that this agreement cannot be used against the defendant in the determination of guilt on any matters arising from the charges in this trial.

The defendant expressly understands that this agreement is null and void (1) unless the guilty pleas are providently entered, accepted, and remain in effect throughout the trial, or (2) should the defendant engage after trial, but before the action of the convening authority, in any misconduct amounting to a violation of the Uniform Code of Military Justice, or state or federal criminal law.

Finally, the defendant understands that, for purposes of this agreement, the sentence is to be considered as a whole and that nothing in this agreement shall preclude the convening authority from exercising the independent powers to commute, mitigate, or otherwise change any or all of the sentence, so long as the severity of the whole adjudged sentence is not increased thereby and so long as the convening authority does not by the action exceed the total agreed or adjudged sentence, whichever is less.

| With respect to: | The defendant offers to plead: |
| --- | --- |
| Specification 1 of Charge | Guilty |
| Specification 2 of Charge | Guilty |
| Charge | Guilty |

The military judge, after obtaining appellant's affirmation that he signed the agreement with knowledge of all of the provisions and that they had been explained by the defense counsel, proceeded as follows:

MJ: Well, let me go over a couple of the provisions with you to make sure that your understanding of them is the same as mine. First of all, do you understand, I'm referring to this masked portion, that this court, that's me, imposing a sentence against you, any portion of which is greater than that which is under this masking the convening authority is bound to approve only that portion which is under the masking. In other words, the lesser?

ACC: Yes, sir.

MJ: And conversely, he also understands that if I as the court adjudge a sentence, any portion of which is less then [sic] these limitations, the convening authority will be bound to approve my sentence, in other words, the lesser of the two.

ACC: Yes, sir.

MJ: The bottom line being that in any event you get the lesser of the two, either the sentence of this court of the sentence under these provisions. Is that the way you see it?

ACC: Yes, sir.

MJ: You also understand that in any event the convening authority is free to approve a sentence that's either less than what's under this masking or less than what I might find.

ACC: Yes, sir.

MJ: You also understand that you have the right to change your mind about your guilty plea at any time prior to sentencing being announced. If you change your mind you might ask to withdraw your plea of guilty. Do you understand that you can do that?

ACC: Yes, sir, I do.

MJ: You also understand that should I allow you to do that, in other words change your plea from guilty to not guilty, that would nullify this pretrial agreement, that you wouldn't be meeting

your side of the bargain. Do you understand that?

ACC: Yes, sir.

(R. 14). This colloquy constitutes the entire explanation by the judge of the agreement's provisions, exclusive of the sentence terms.

In *United States v. Green*, 1 M.J. 453 (C.M.A.1976), the Court of Military Appeals made it mandatory that military judges assure on the record that an accused understands the meaning and effect of *each* condition of a pretrial agreement. A year later the Court of Military Appeals, in *United States v. King*, 3 M.J. 458 (C.M.A.1977), made it clear that failure to comply strictly with the requirements of *Green* was unacceptable and would result in findings of guilty being set aside by that Court. In order to minimize reversals at the highest level, this Court, in *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977), set forth a procedure to be followed by all military judges to ensure compliance with *Green* and thereby avoid the results of *King*. One of the procedural steps from *Williamson* requires that the trial judge "[g]o over *each* provision of the agreement with the accused . . ." *Id.* at 710 (emphasis added).

▆▆▆ The military judge, as can be seen from the quoted portions of the record, failed to follow the guideline in *Williamson* and in so doing did not comply with the *Green* mandate of assuring on the record that the accused understood the meaning and effect of each condition of the agreement. Obtaining a statement from an accused that he signed the agreement with knowledge of all of the provisions after they were explained by counsel will not satisfy this requirement, just as a statement from an accused that he understands that a guilty plea admits every element charged and every act or omission alleged and authorizes conviction of the offense without further proof will not satisfy the plea providence requirements of *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). With regard to the judge's responsibility under *Care*, the Court said:

We believe the counsel, too, should explain the elements and determine that there is a factual basis for the plea but his having done so earlier will not relieve the military trial judge or the president of his responsibility to do so on the record.[1]

We believe this statement applies equally as well to the judge's responsibility under *United States v. Green, supra*. The fact that counsel has gone over the terms of a pretrial agreement with an accused will not relieve the judge of his responsibility to personally explain each provision and thereby assure on the record that the accused understands the meaning and effect of the conditions. Moreover, such an explanation is necessary in order to meet another requirement of *Green*, that the judge's interpretation comports with the understanding of both the prosecution and the defense. If the judge does not provide his interpretation of each provision then a statement from counsel that their understanding comports with his is meaningless for us on review, since we cannot determine what the understandings are, particularly in a case such as this one, which includes a novel, unexplained condition. As stated earlier, failure to comply with *Green* requires the setting aside of the findings of guilty pursuant to *United States v. King, supra*.

In light of the foregoing, the findings of guilty and sentence are set aside. A rehearing may be ordered if deemed practicable.

Judge PRICE concurs.

Judge EDWARDS (absent).

---

1. *Id.* at 541, 40 C.M.R. at 253.