## UNITED STATES

v.

Alton C. OSBORNE, 419 92 9470, Ship's Serviceman Seaman Recruit (E-1), U. S. Navy.

NCM 80 0879.

U. S. Navy Court of Military Review.

Sentence Adjudged 20 July 1979.

Decided 25 Aug. 1980.

LT Patrick A. Fayle, JAGC, USN, Appellate Defense Counsel.

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

Before BAUM, PRICE and EDWARDS, JJ.

BAUM, Senior Judge:

Appellant was tried at the Naval Legal Service Office, Charleston, South Carolina. Pursuant to his pleas of guilty, he was convicted by special court–martial, military judge alone, of unauthorized absence, missing movement through neglect and assault upon a chief petty officer, in violation of Articles 86, 87 and 128 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 887 and 928. He was sentenced to a bad–conduct discharge, confinement at hard labor for 1½ months and forfeitures of $200 for 2 months. Appellant's pleas of guilty were in accordance with a pretrial agreement which required the convening authority, as one of the sentence terms, to suspend any forfeitures in excess of $75 for 2 months. The convening authority in his action on the record approved the adjudged sentence but failed to suspend the forfeitures as required by the agreement. The supervisory authority corrected this error approximately 3 months later by suspending all forfeitures in excess of $75 per month for 2 months.

Appellant initially assigned as a single error before this Court that the convening authority's failure to comply with the terms of the pretrial agreement signifies a lack of a meeting of the minds with respect to the plea bargain which requires that the pleas, findings and sentence be set aside.

We disagree. While a misunderstanding of the parties could account for the convening authority's action, the most likely explanation is that the convening authority failed to comply with the agreement through inadvertence. Whatever the reason for not meeting the terms of the agreement, the error was corrected by the supervisory authority. We are disturbed, however, by the fact that this is not the only case to come before this Court recently in which a convening authority from among the Surface Forces, Atlantic has failed to take the action called for by a pretrial agreement. See *United States v. Waterfield*, No. 80 1245 (N.C.M.R. 14 July 1980); *Bernard v. Commander, Naval Surface Forces, U. S. Atlantic Fleet, et al.*, 9 M.J. 820 (N.C.M.R.1980). Appropriate steps necessary to correct this matter should be taken within this type command.

Although not cited as error by appellant when the case was first presented for consideration, another reason for setting aside the pleas of guilty has been assigned, in response to an order from this Court. In *United States v. Green*, 1 M.J. 453 (C.M.A. 1976), the Court of Military Appeals made it mandatory that military judges assure on the record that an accused understands the meaning and effect of *each* condition of a pretrial agreement. A year later the Court of Military Appeals, in *United States v. King*, 3 M.J. 458 (C.M.A.1977), made it clear that failure to comply strictly with the requirements of *Green* was unacceptable and would result in findings of guilty being set aside by that Court. In order to minimize reversals at the highest level, this Court, in *United States v. Williamson*, 4 M.J. 708 (N.C.M.R.1977), set forth a procedure to be followed by all military judges to ensure compliance with *Green* and thereby avoid the results of *King*. One of the procedural steps from *Williamson* requires that the trial judge "[g]o over *each* provision of the agreement with the accused . . ." *Id.* at 710 (emphasis added).

The military judge in this case made no attempt whatsoever to comply with the *Williamson* guideline, apparently believing, instead, that assurances from the accused that he understood the agreement coupled with an explanation of only those few provisions deemed important by the judge would suffice. The judge made it clear at the outset that he only intended to go over certain of the provisions commencing with the provision at the bottom of the first page. Out of ten paragraphs on the first two pages of the agreement, the judge deemed it necessary to explain only three. Among the ones he chose to ignore was a provision which explained that the offer and agreement could not be used in the determination of the accused's guilt. An explanation of this paragraph was essential to give meaning to the provision immediately preceding it, which advised appellant that he could withdraw his pleas of guilty any time before announcement of the sentence, subject to the judge's discretion. Another unexplained provision, and one particularly relevant in light of the convening authority's subsequent noncompliance with it, was the very first paragraph, which stated that the accused agreed to enter a voluntary plea of guilty "provided the sentence *as approved by the convening authority* will not exceed the sentence hereinafter indicated . . ." (Emphasis added). We find it difficult to understand why an experienced senior trial judge has chosen to follow the course taken in this particular case, but whatever the reason, it is an ill—advised short cut which invites reversal.

In light of the judge's failure to follow the mandate of *United States v. Green, supra*, the findings of guilty and sentence are set aside. *United States v. King, supra*. A rehearing may be ordered if deemed practicable.

Judge PRICE and Judge EDWARDS concur.