**UNITED STATES**

v.

**Michael Angelo DRAKE, 141 56 7606, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 79 1876.**

U. S. Navy Court of Military Review.

Sentence Adjudged 17 Nov. 1978.

Decided 30 Sept. 1980.

**506**

LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

GREGORY, Senior Judge:

Pursuant to his pleas, appellant was convicted at a general court–martial bench trial of hazarding a vessel by setting it on fire and of two specifications of aggravated arson, in violation of Articles 110 and 126, Uniform Code of Military Justice, 10 U.S.C. §§ 910 and 926. He was sentenced to a dishonorable discharge, confinement at hard labor for 20 years, forfeiture of all pay and allowances, and reduction to pay grade E–1. In accordance with the terms of a pretrial agreement, the convening authority reduced the term of confinement to 4 years while approving the remainder of the sentence.

█ On appeal, appellant contends that the military judge erred in allowing the guilty pleas to stand. He bases this contention on the fact that appellant absented himself after arraignment and acceptance of his guilty pleas and the presentencing hearing proceeded in his absence. Appellant argues that the mandates of *United States v. Green*, 1 M.J. 453 (C.M.A.1976), and *United States v. King*, 3 M.J. 458 (C.M.A.1977), were not satisfied since the military judge could not personally ascertain appellant's understanding of the sentence limitations of the pretrial agreement. Under the particular circumstances of this case, we are unable to concur in appellant's contention.

The military judge made a very thorough inquiry in this case into the circumstances surrounding the alleged offenses *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and also into all aspects of the pretrial agreement, *United States v. Green* and *United States v. King*, both *supra*. The appellant assured the judge that he had read the terms of the agreement, discussed them with his counsel, and fully understood

them before signing the agreement. (R. 39). He also assured the judge that he understood the sentencing limitations, that he appreciated their impact on any sentence adjudged by the court, and that he was satisfied. (R. 40–41). On these bases, the military judge accepted appellant's pleas and entered findings of guilty. The trial was then continued to await the arrival of a defense witness in extenuation and mitigation. When the trial reopened several days later, appellant was no longer present. (R. 49). A continuance was granted and a vigorous search for appellant proved unproductive.

█ We concur in the rationale of appellate Government counsel that the military judge did not err in continuing to find appellant's pleas of guilty to be provident. The factual basis for these pleas and the actual entry of the findings of guilty had been accomplished while appellant was still present. The appellant's understanding of the nonsentencing terms of the pretrial agreement was established through questioning of appellant. Although appellant was never questioned as to the specific sentencing terms, he assured the military judge of his understanding of these terms, and we note that these terms are very simple and unambiguous; all components of the sentence could be approved "as awarded" (namely, punitive discharge, forfeiture or fine and reduction) except that "[c]onfinement in excess of four (4) years from the date of trial will be disapproved." In addition, in appellant's absence, trial defense counsel provided further assurance to the military judge that appellant had understood the sentencing limitations of the pretrial agreement. (R. 68). Finally, we do not view the right of an accused to discuss the specific impact of the terms of his pretrial agreement with the military judge as absolute. Under the appropriate circumstances, this right can be forfeited or waived; such circumstances exist in this case. The voluntary and unauthorized absence of this appellant forfeits his standing to complain that he was not able to discuss

the sentencing terms of his pretrial agreement personally with the military judge. *Cf. United States v. Meek*, 7 M.J. 923 (N.C. M.R.1979). Also, appellant does not now aver any misunderstanding.

· In summary, appellant's voluntary absence prevented the military judge from delving deeper into appellant's understanding of the sentencing terms of his agreement after the announcement of sentence. The judicial inquiry that had transpired before appellant's absence, however, as well as the simple nature of the agreement and the assurances of trial defense counsel, provided sufficient bases for the military judge to conclude that appellant understood all aspects of his agreement, including the sentence limitations, and that appellant's pleas were provident in every regard. To hold otherwise could, among other things, encourage convening authorities to employ greater use of pretrial confinement as a mechanism to prevent accuseds from manipulating the judicial process by staging absences after pleas but prior to sentencing in hopes that witness unavailability or witness travel costs might work a net gain to their posture.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Judge DONOVAN and Judge GLADIS concur.