**UNITED STATES, Appellee**

v.

**Specialist Four Wayne L. DUVAL, SSN 266–13–6477, United States Army, Appellant.**

**SPCM 14705.**

U. S. Army Court of Military Review.

30 Oct. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Captain Kevin E. O'Brien, JAGC, and Captain Gary D. Gray, JAGC, were on the pleadings for appellant.

Lieutenant Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Rolland S. Roup, JAGC, and Captain Robert D. Higginbotham, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and FOREMAN, JJ.

## OPINION OF THE COURT

CLAUSE, Judge:

Appellant was convicted by special court–martial of two offenses of unauthorized absence and two violations of a lawful general regulation. He was sentenced to a bad–conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 pay per month for six months, and reduction to the grade of Private E–1. Pursuant to a pretrial agreement the convening authority reduced the confinement to two months and the forfeitures to four months and otherwise approved the sentence.

Appellant alleges that his pleas of guilty were improvident because of the failure of the military judge to assure on the record that the appellant understood the meaning and effect of each condition of the pretrial agreement.

There should no longer be any doubt that military judges have the "primary responsibility for assuring on the record that an accused understands the meaning and effect of *each* condition as well as the sentence limitations imposed by any existing pretrial agreement." In addition he "should secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain." These requirements were set forth in *United States v. Elmore*, 1 M.J. 262, 264 (C.M.A.1976), by Judge Fletcher in his concurring opinion and made mandatory in *United States v. Green*, 1 M.J. 453 (C.M.A. 1976). In *United States v. King*, 3 M.J. 458 (C.M.A.1977), it was decided that substantial compliance with these requirements was not sufficient.

The deficiency in the judge's inquiry in this case concerns the following provisions:

I further understand that this agreement will be automatically cancelled upon the happening of the following events:

1. Failure of agreement with the trial counsel on the contents of the stipulation of fact;

2. The withdrawal by either party from the agreement prior to trial;

3. The modification at anytime of the agreed stipulation of fact without consent of trial counsel or [sic] myself;

4. The changing of my plea by anyone during the trial from guilty to not guilty; or,

5. The refusal of the Military Judge to accept my plea of guilty.

These conditions are commonly referred to as cancellation provisions and are common to most pretrial agreements. With respect to the two conditions pertaining to the stipulation of facts (1 and 3), it was announced that the government had not required a stipulation and consequently these portions of the agreement were not applicable. We need only concern ourselves with the three remaining conditions.

█ While not specifically inquiring into each of the cancellation provisions, the military judge did insure by questions of the appellant that he had a copy of the agreement before him, had read it, had discussed the terms with his defense counsel, fully understood the terms and conditions, had no questions about any of them, and had signed it freely and voluntarily.

Important as these questions are, we do not suggest that they are a substitute for the plea bargain inquiry required by *Green* and *King*.

The expressly stated purpose for the requirement imposed upon military judges accordingly to *Green* was to (1) "enhance public confidence in the plea bargaining process," (2) "provide invaluable assistance to appellate tribunals by exposing any secret understandings between the parties," (3)

"clarifying on the record any ambiguities which lurk within the agreements," (4) "to satisfy the statutory mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made," (5) and finally "to require trial judges to share the responsibility of appellate tribunals," to police terms of pretrial agreements to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness. The military judge's inquiry in this case satisfied all these purposes.

Pretrial agreements in military cases frequently include recitals that are not negotiated terms of the agreement. Such are the general cancellation provisions before us. They merely recognize the contractual nature of the bargain without being a part of the consideration, for the effect would be the same even if they were not expressly included.* They have little or no bearing on the purposes sought to be fulfilled by the *Green* inquiry. Moreover, as usually happens, those not already moot when the trial began became so during the trial.

Accordingly, we hold that the failure of the military judge to inquire in terms into each of the cancellation recitals does not equate to a failure to conduct the plea bargain inquiry required by *United States v. Green.*

The findings of guilty and the sentence are affirmed.

Senior Judge FULTON concurs.

Judge FOREMAN did not participate in this decision.

---

* Withdrawal by either party has the effect of releasing the other party. Changing one's plea has the same effect. Refusal of the military judge to accept a guilty plea or his changing of a guilty plea to one of not guilty recognizes the fact that he is not a party to the agreement and has an independent responsibility to determine the providency and voluntariness of all guilty pleas.