UNITED STATES, Appellee,

v.

**Scott L. GILBERT, Machinery Technician Third Class, U.S. Coast Guard, Appellant.**

No. 98–0034.

Crim.App. No. 1067.

U.S. Court of Appeals for the Armed Forces.

Argued Dec. 1, 1998.

Decided April 21, 1999.

Effron, J., filed concurring opinion.

COX, C.J., delivered the opinion of the Court, in which SULLIVAN, CRAWFORD, and GIERKE, JJ., joined. EFFRON, J., filed a concurring opinion.

For Appellant: *Lieutenant Sandra K. Selman* (argued); *Lieutenant Richard R. Beyer* (on brief).

For Appellee: *Lieutenant Susan Polizzotto* (argued); *Lieutenant William G. Rospars.*

Chief Judge COX delivered the opinion of the Court.

## I

This is a companion case to *United States v. Acevedo,* 50 MJ 169 (1999), also decided this day. As in Fireman Acevedo's case, we granted two issues for review here: Whether, under the terms of the pretrial agreement, the convening authority was required to suspend appellant Gilbert's bad-conduct discharge; and whether the evenly split decision of the Court of Criminal Appeals constituted an affirmance of the bad-conduct discharge. 49 MJ 132 (1998); *see* 46 MJ 830 (1997). As in Acevedo's case, we now affirm.[1]

## II

Appellant Gilbert's trial occurred one day after Acevedo's trial, before the same military judge in Seattle, Washington. As in Acevedo's case, the judge sat alone as a general court-martial. Pursuant to his pleas, appellant was convicted of attempting to pawn and receive cash for Coast Guard equipment and supplies, without proper authority; conspiracy to steal military clothing for later unauthorized sale; wrongful disposition of military property (2 specifications);

---

1. The issue involving the evenly divided vote of the Court of Criminal Appeals is legally identical to that in *United States v. Acevedo,* 50 MJ 169, 174-75 (1999). Accordingly, we resolve it exactly

and larceny of military property (2 specifications).[2]

The military judge sentenced appellant to confinement for 12 months, reduction in grade to E–2, forfeiture of all pay and allowances for 12 months, and a bad-conduct discharge. Although the military judge recommended that the bad-conduct discharge be suspended, the convening authority declined to do so. Instead, he approved the sentence as adjudged, except that confinement in excess of 6 months and forfeitures exceeding two-thirds pay per month for 6 months were suspended for 12 months, in accordance with the terms of the pretrial agreement.

As indicated, the Court of Criminal Appeals, sitting en banc, was evenly divided as to whether the convening authority could approve a bad-conduct discharge in appellant's case, and whether the split decision should constitute an affirmance or a disapproval of the punitive discharge. The court was unanimous, however, in agreeing that, under our precedents, the effect of the split decision was to sustain the sentence as approved by the convening authority. 46 MJ at 839.

### III

At trial, the military judge conducted an appropriate inquiry into the providence of appellant's pleas of guilty, ensuring that they were factually based. *See United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969). The judge also ascertained on the record, prior to entering findings, that appellant understood the meaning and effect of his pretrial agreement. *See United States v. Green*, 1 MJ 453 (CMA 1976); *United States v. King*, 3 MJ 458 (CMA 1977).

Regarding the sentence limitation portion of the agreement, which at that point the military judge had not seen, appellant personally assured the judge that he had read it thoroughly and understood it before signing it. Nevertheless, the judge caused appellant to reread the sentence portion of the agreement in court. Again, appellant affirmed that he understood "the maximum punishment that the convening authority may approve."

Regarding the actual terms of the agreement, defense counsel[3] explained that they had originated from the defense, after extensive consultation with appellant. Appellant affirmed that he had had "enough time to discuss … [the case] with … [his] defense counsel."

After announcing sentence, including the recommendation that the bad-conduct discharge be suspended, the military judge was provided, for the first time, a copy of the sentence limitation portion of the agreement. With respect to punitive discharge, the agreement provided:

> A punitive discharge may be approved as adjudged. If adjudged and approved, a dishonorable discharge will be suspended for a period of 12 months from date of court-martial at which time, unless sooner vacated, the dishonorable discharge will be remitted without further action.

A bad-conduct discharge was not specifically mentioned.

Upon reviewing the agreement, the military judge observed that the effect of it appeared to be that that portion of the sentence involving confinement in excess of 6 months and forfeitures in excess of two-thirds pay for 6 months would be suspended. *Trial counsel, defense counsel, and appellant all agreed that that was indeed the effect of the pretrial agreement.* No comment was heard with respect to the military judge's recommendation that the convening authority suspend the bad-conduct discharge, which would have been an empty gesture if the agreement already required it.

Thereafter, the military judge explained to appellant his posttrial rights. Neither then nor at any other time prior to adjournment of the court-martial was any objection raised by any party as to the meaning and effect of

---

as we did in that case and need not repeat it here.

2. Violations of Articles 80, 81, 108, and 121, Uniform Code of Military Justice, 10 USC §§ 880, 881, 908, and 921, respectively.

3. Appellant was not represented by the same defense counsel that represented Acevedo.

the pretrial agreement, as articulated by the military judge.

Posttrial, the staff judge advocate prepared a recommendation for the convening authority, pursuant to RCM 1106, Manual for Courts–Martial, United States (1995 ed.). Therein, the staff judge advocate noted that the military judge had adjudged a sentence which included a bad-conduct discharge and that the judge had recommended that the convening authority suspend it. The recommendation noted that the terms of the pretrial agreement required that confinement in excess of 6 months and forfeitures in excess of two-thirds pay for 6 months be suspended for 12 months. Finally, the staff judge advocate recommended that the convening authority approve the bad-conduct discharge, as adjudged.

The defense did not object to the content of the posttrial recommendation. Indeed, by way of a petition for clemency under RCM 1105, the defense acknowledged the imposition of the bad-conduct discharge but argued that the convening authority should suspend it consistent with the leniency recommendation of the military judge.

On initial appeal to the Court of Criminal Appeals, appellant again did not assert impropriety in the convening authority's approval of the bad-conduct discharge. That court, however, *sua sponte* raised the issue and invited the parties to brief it. *See* 46 MJ at 831. This review by the intermediate appellate tribunal led to the split decision previously noted.

IV

For the same reasons indicated in our opinion in *United States v. Acevedo, supra,* we hold that a bad-conduct discharge was a lawful punishment in appellant's case; that the pretrial agreement did not require the convening authority to suspend the bad-conduct discharge; and that he did not err in approving it.

The agreement was unambiguous. Its plain language permitted the approval of an unsuspended bad-conduct discharge. Had the defense insisted upon presenting an agreement with provision for suspension of a bad-conduct discharge, they might readily have done so.

Further, nothing in the conduct of the parties, either before, during, or after the court-martial, or on initial appeal to the Court of Criminal Appeals, suggests that the defense, including appellant, was not fully in accord with the meaning and effect of the pretrial agreement, as interpreted by the military judge. Had the defense, including appellant, harbored the slightest disagreement with the judge's interpretation, they had abundant opportunity to raise it.

The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.

EFFRON, Judge (concurring):

I concur. *See United States v. Acevedo,* 50 MJ 169, 175 (Effron, J., concurring).