**UNITED STATES**

v.

**Charlie Percy REED, Jr., 285 54 9105, Aviation Structural Mechanic (Hydraulics) Airman Apprentice (E–2), U. S. Navy.**

**NCM 77 1683.**

U. S. Navy Court of Military Review.

Sentence Adjudged 14 June 1977.

Decided 23 Dec. 1977.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

Appellant pleaded guilty at a general court-martial to charges of robbery. The military judge, at an Article 39(a) session, 10 U.S.C. § 839(a), conducted a providency inquiry that included questions regarding the pretrial agreement in this case. The pleas were thereupon accepted and a guilty finding entered. A court-martial of officer members sentenced appellant to a bad conduct discharge, confinement at hard labor for 6 months, forfeiture of all pay and allowances, and reduction to pay grade E–1.

Appellant has assigned a number of errors that we conclude are without merit. Only one of the errors requires discussion. Appellant alleges that his pleas were rendered improvident because of an alleged failure of the military judge to make a complete inquiry into the pretrial agreement negotiated in this case. Appellant's assignment typifies the pandemic phenomenon affecting guilty plea court-martial cases in which pretrial agreements have been negotiated. It is rare indeed in plea bargained cases, especially since the decision handed down in *United States v. King*, 3 M.J. 458 (C.M.A.1977), dictating "strict" adherence to the "terms" of *United States*

*v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976), to find the providence of an accused's pleas unquestioned. The basis alleged, in one form or another, but generally only summarily, is a failure of the military judge to conduct a complete inquiry into the pretrial agreement. This is true, despite, as in this case, a clear showing on the record of the substantial concern and effort by the military judge to spread on the record facts from which it can be determined that the agreement was understandingly and voluntarily made, that there were no secret, undisclosed agreements, and that there were no ambiguities lurking in the operative agreement. Not in this case, nor, to our knowledge, in any case in which it has been alleged that the military judge failed to conduct a complete inquiry into the pretrial agreement, has there been a disavowal of the accused's guilt, or an allegation that the pretrial agreement coerced the guilty plea, or that each condition and the sentence limitation agreed upon in exchange for a guilty plea were not understood at the time of trial or completely conformed to, in accord with appellant's understanding, when the convening authority took his action.

In the case at bar, the appellant at trial avowed that he understood the conditions of the agreement, agreed to them, and relied on them to limit punishment for an offense which he had committed and to which he desired to plead guilty. The record clearly supports, in its entirety, the providence and voluntary nature of appellant's plea. It also clearly supports that there were no other agreements or ambiguities in the written agreement, here involved, affecting the pleas. It is obvious that there was no *failure* to conduct a plea bargain inquiry. It is also manifest that the trial judge actively participated in and prepared a record for review by appellate courts, which demonstrates the absence of any agreements other than the written pre-trial agreement included in the record. The trial judge ascertained this from the appellant himself in the presence of the trial counsel, the appointed defense counsel who had negotiated the agreement, and the individual military defense counsel who had not participated in the plea bargaining but specifically concurred in the agreement. The purpose of *Green* has been satisfied. *See United States v. King, supra.*

Strict adherence to the terms of *Green*, which had its genesis in the concurring opinion of Chief Judge Fletcher in *United States v. Elmore*, 24 U.S.C.M.A. 81, 82–83, 51 C.M.R. 254, 255–256, 1 M.J. 262, 263–265 (1976), has been mandated by *United States v. King, supra.* The exact parameters of this mandate are blurred, however, by a melding and incorporation of the prior decisions which utilized both mandatory and precatory language. Therefore, we admonish military trial judges to liberally interpret what constitutes *"each* condition" of a pretrial agreement as that phrase is used in *Green.* It is wiser to inquire regarding what is doubtfully a condition than risk not fully complying with requirements of case law and to obtain explicit, not tacit, confirmation on the record of understandings by the accused and counsel. The chance of committing reversible error is reduced by detailed, perhaps excessively, cautious inquiry by the trial judge in which affirmative response is demanded and received.

The findings and sentence as approved on review below are affirmed.

Judge ROOT and Judge GREGORY concur.