## UNITED STATES

### v.

**Dale Wayne CUNNINGHAM, 296 62 4360, Equipment Operator, Construction Recruit (E-1), U. S. Navy.**

**78 0925.**

U. S. Navy Court of Military Review.

Sentence Adjudged 15 March 1978.

Decided 29 Sept. 1978.

---

1. *But see Stewart v. Stevens*, J. Cook (concurring), 5 M.J. 220 (C.M.A.1978).

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and BAUM and GLADIS, JJ.

BAUM, Judge:

Appellant, citing *United States v. Fife*, 20 U.S.C.M.A. 218, 43 C.M.R. 58 (1970), has summarily assigned as error that the court-martial lacked jurisdiction because appellant did not submit his request to be tried by military judge until after findings. In this case the judge, during an Article 39(*a*), 10 U.S.C. § 839(a) session, accepted appellant's plea of guilty and entered findings as authorized by paragraph 53*d*, *Manual for Courts-Martial, United States, 1969* (Revised edition), and Section 0113, JAG Manual. Thereafter, but still prior to assembly of the court, the judge advised appellant of his right to trial by judge alone and approved appellant's written request for such a trial. The judge then assembled the court and proceeded with the trial. Article 16, UCMJ, 10 U.S.C. § 816 authorizes trial by military judge alone " . . . if before

the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves." The statutory requirements for trial by judge only were met in this case thereby investing jurisdiction in the court-martial. The case cited by appellant in support of his assigned error, while stating that the accused did not submit his written request for trial by a military judge until after findings, fails to set forth any other facts bearing on the matter, such as whether the request was before or after assembly of the court or whether the findings were based on properly entered pleas of guilty or not. Furthermore, the opinion goes on to find jurisdictional error "For the reasons set forth in *United States v. Dean*, 20 U.S. C.M.A. 212, 43 C.M.R. 52 (1970)," which set forth the principle that a request for trial by military judge has to be made strictly in accord with the statute in order for there to be jurisdiction. In the instant case, as stated before, the statute has been followed to the letter and we find that there was jurisdiction.

The findings and sentence as approved below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.