UNITED STATES

v.

David A. TOBEY, 017 50 5976, Lance Corporal (E–3) U. S. Marine Corps.

NCM 78 1393.

U. S. Navy Court of Military Review.

Sentence Adjudged 13 July 1978.

Decided 20 Feb. 1979.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

MAJ D. A. Higley, USMC, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his guilty pleas at a special court-martial bench trial of eleven specifications of wrongful possession, sale, and transfer of controlled substances, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and sentenced to a bad-conduct discharge, confinement at hard labor for 5 months, forfeiture of $200.00 per month for 5 months, and reduction to pay grade E–1. The convening authority approved the sentence, but probationally suspended the discharge in accordance with the terms of the pretrial agreement. The supervisory authority approved the sentence.

■ Citing *United States v. Green*, 1 M.J. 453 (C.M.A.1976), the accused contends on appeal that his pleas were improvident because the trial judge failed to inquire into his understanding of a provision of the pretrial agreement which permitted the ac-

cused to be processed for an administrative discharge.[1] Although the military judge generally asked the accused whether he had read, discussed with his defense counsel, and understood each provision of the agreement, he did not specifically discuss the provision concerning processing for an administrative discharge, either prior to accepting the accused's pleas or after announcing the sentence.[2] We find merit in the accused's contention.

■ In *Green*, the Court of Military Appeals held that the trial judge must shoulder the responsibility for assuring on the record that an accused understands the meaning and effect of each condition as well as the sentence limitations imposed by any existing pretrial agreement. Failure to comply with the *Green* mandate renders a guilty plea improvident. *United States v. King*, 3 M.J. 458 (C.M.A.1977). In *United States v. Williamson*, 4 M.J. 708 (N.C.M.R. 1977), *pet. denied*, 5 M.J. 219 (C.M.A.1978), this Court set forth guidelines for pretrial agreement inquiries which were designed to insure compliance with *Green* and minimize reversals.[3] Among other things, we required the judge to go over each provision of the agreement with the accused (including, at the appropriate point in the proceedings, the sentence terms), paraphrase each in the judge's own words, and explain in the judge's own words the ramifications of each provision. This was not done in this case. Appellate Government counsel argues that the judge's failure to discuss the provision in question does not render the accused's

---

1. The accused also relies on *United States v. Thomas*, No. 78 0618 (NCMR 25 July 1978) (unpublished), which cannot be distinguished from the instant case.

2. The provision in question states: "I understand that I may be processed for an administrative discharge, even if part or all of the sentence, including a punitive discharge, is suspended or disapproved pursuant to the agreement." The provision is designed to avoid a situation in which an accused pleads guilty in exchange for a pretrial agreement providing for a suspended punitive discharge in the belief the suspension guarantees him an opportunity to complete his enlistment and precludes administrative discharge processing. 72 *Off The Rec-*

ord 17, 13 March 1978. Cf. *United States v. Santos*, 4 M.J. 610 (N.C.M.R.1977).

3. The Court in *Williamson* also stated in dicta that a defective plea-bargain inquiry could be cured by post-trial affidavits. The Court of Military Appeals, however, subsequently summarily reversed cases in which the Navy Court of Review relied on such affidavits. *United States v. Bagu*, 5 M.J. 269 (C.M.A.1978). *See also United States v. Moore*, 5 M.J. 325 (C.M.A. 1978). *Compare Williamson with United States v. Gregg*, 4 M.J. 897 (N.C.M.R.1978) (The remedy for a defective plea-bargain inquiry is to afford the accused an opportunity to plead anew).

guilty plea improvident because the provision is not a condition bargained for or furnishing consideration for the accused's plea, but merely a statement of existing law. In view of our admonition to trial judges in *United States v. Reed*, 4 M.J. 718 (N.C.M.R.1977), to interpret liberally what constitutes "each condition" of a pretrial agreement as that phrase is used in *Green* and obtain explicit, not tacit, confirmation on the record of understandings by the accused and counsel, we reject the Government's position. Failure to follow the *Williamson* guidelines for plea-bargain inquiries will not automatically constitute prejudicial error and result in reversal. Each case will be examined individually and decided on the basis of its facts. Nevertheless, adherence to the guidelines should minimize the risk of reversible error. In this case the agreement provided for a suspended discharge. Under the circumstances we find that the judge's failure to inquire specifically into the provision in question violated the *Green* mandate and requires reversal.

Accordingly, the findings of guilty and sentence are set aside. A rehearing is authorized.

Senior Judge DUNBAR and Judge GREGORY concur.