UNITED STATES

v.

John Arthur MILLER, 554 11 5056,
Boatswain's Mate Seaman (E–3),
U. S. Naval Reserve.

NCM 78 1385.

U. S. Navy Court of Military Review.

Sentence Adjudged 28 June 1978.

Decided 27 March 1979.

LT Christopher C. Henderson, JAGC,
USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

ROOT, Judge:

Appellant urges two errors, to wit:

I

BECAUSE THE MILITARY JUDGE FAILED TO INQUIRE INTO APPELLANT'S AND COUNSEL'S UNDERSTANDING OF THE CONDITION OF THE PRETRIAL AGREEMENT WHICH PERMITTED SUBSEQUENT ADMINISTRATIVE DISCHARGE PROCESSING APPELLANT'S PLEAS WERE IMPROVIDENT UNDER THE MANDATE OF *UNITED STATES V. GREEN, 1 M.J. 453 (C.M.A.1976). SEE UNITED STATES V. THOMAS,* NO. 76 0618 (N.C.M.R. 25 JULY 1978).

II

BECAUSE APPELLANT DID NOT SUBMIT HIS REQUEST TO BE TRIED BY A MILITARY JUDGE UNTIL AFTER FINDINGS (*SEE* R.16), THE COURT–MARTIAL LACKED JURISDICTION. *UNITED STATES V. FIFE,* 20 U.S.C.M.A. 218, 43 C.M.R. 58 (1970).

We note at the outset that the second assignment is without merit. Here,

the judge accepted appellant's plea of guilty and entered findings during an Article 39(a) 10 U.S.C. § 839(a) session. Later, but still before assembly of the court, the judge advised appellant of his right to trial by judge alone and approved appellant's written request for such a trial. The judge then assembled the court and proceeded with the trial. In a previous decision, this Court has held:

> Article 16, UCMJ authorizes trial by military judge alone ". . . if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves." The statutory requirements for trial by judge only were met in this case thereby investing jurisdiction in the court-martial. *United States v. Cunningham,* 6 M.J. 559 (N.C.M.R.1978).

Notwithstanding, we think it is better form to determine whether trial will be by military judge alone prior to reaching findings. *See* Appendix 8, *Manual for Courts-Martial, United States, 1969* (Revised edition).

The first assignment, however, has merit. The first portion of the pretrial agreement contains the following provision:

> That my counsel has fully advised me of the meaning and effect of my guilty plea and that I fully understand and comprehend the meaning thereof and all of its attendant effects and consequences, including the possibility that I may be processed for an administrative discharge, even if part or all of the sentence, including a punitive discharge, is suspended or disapproved pursuant to this agreement.

▮▮ The law is now clear that the military judge is responsible for conducting a full and complete inquiry with the accused concerning any pretrial agreement in existence. *United States v. Green,* 1 M.J. 453 (C.M.A. 1976); *United States v. Elmore,* 1 M.J. 262 (C.M.A.1976); *United States v. King,* 3 M.J. 458 (C.M.A.1977). This Court has held that where the basis of the inducement for an accused's guilty plea is his

desire to avoid a discharge, thereby enabling him to return to duty, and when that intent is frustrated by subsequent administrative discharge proceedings, it cannot be said that the accused's guilty pleas were truly provident. *See United States v. Santos,* 4 M.J. 610 (N.C.M.R.1977). Therefore, where the pretrial agreement contains a provision requiring suspension or disapproval of a punitive discharge and also has a provision relating to the possibility of an administrative discharge, the trial judge should discuss the potential administrative discharge with the accused. Failure to do so may result in reversible error. *See United States v. Thomas,* No. 78 0618 (N.C.M.R. 25 July 1978). In this case, part of the inducement to the accused to plead guilty was the promise of the convening authority to suspend any bad-conduct discharge for a period of one year from the date of the convening authority's action.

Appellate Government Counsel argues that this provision is not a term or condition of the agreement for which appellant bargained and which must be explained by virtue of *United States v. Green, supra.* She continues:

> Rather it is a statement of the administrative policy attendant to a record of disciplinary action, action which is distinct from and independent of the pretrial agreement. If appellant had entered into the pretrial agreement without knowledge of this provision, and had based his decision to plead guilty on a belief that he would be permitted to serve out his enlistment, then a question would be raised as to the providency of the plea. *United States v. Santos,* 4 M.J. 610 (N.C.M.R.1977). But here, the appellant was not laboring under any such misapprehension of the facts. The possibility of administrative action, even after the terms of the pretrial agreement were effected, was clearly spelled out on the face of the document. The military judge determined that the appellant had read the agreement (R.10), and had discussed its provisions with his counsel (R.11).

While this argument is persuasive, it ignores the fact that the military judge must satisfy himself that the accused understands the terms of the agreement. Were the convening authority to institute later successful administrative discharge proceedings on the basis of this court-martial, then the desire of the appellant as manifested in the promise of a suspended bad-conduct discharge would be frustrated. He might well have preferred to plead not guilty in the first instance and take his chances with the findings of a court-martial.

Accordingly, we must set aside the findings and sentence and return the record to the Judge Advocate General. A rehearing may be ordered.

Judge FERRELL concurs.

CEDARBURG, Chief Judge (concurring):

In *United States v. Santos, supra,* this Court found it unclear whether, under the circumstances of that case, the accused would have waived his Constitutional rights and pleaded guilty had he realized he could be administratively discharged for the same misconduct which was the subject of his pleas. · The pretrial agreement in *Santos* called for suspension of any punitive discharge but was silent with regard to the possibility of subsequent processing, while the conduct of Santos and his defense counsel reflected their belief that the suspension provision would assure his continued military service, absent future misconduct. When Santos' convening authority commenced administrative discharge proceedings, it was clear that he did not share the views of Santos and his lawyer.

To preclude future uncertainty concerning whether there was a mutual manifestation of assent under facts similar to those in *Santos,* the Office of the Judge Advocate General of the Navy promulgated a pending modification to the Manual of the Judge Advocate General, paragraph 6 of JAG-MAN appendix section A–1–e(1), and paragraph 7 of JAGMAN appendix section A–1–f(1), Memorandum of Pretrial Agreement:

That my counsel has fully advised me of the meaning and effect of my guilty plea and that I fully understand and comprehend the meaning thereof and all its attendant effects and consequences, including the possibility that I may be processed for an administrative discharge, even if part or all of the sentence, including a punitive discharge, is suspended or disapproved pursuant to this agreement.

. . .

72 *Off The Record* 17, 13 March 1978.

The laudable modification recommended by the Judge Advocate General of the Navy was incorporated into the pretrial agreement in this case. The possible failure to reach a mutual manifestation of assent in *Santos* thus could not have occurred in this case because both the trial defense counsel and the accused endorsed this language within their pretrial agreement. Not unexpectedly, contrary to the situation in *Santos,* the record in this case fails to disclose significant evidence that appellant or his counsel believed appellant was assured continued military service in the absence of future misconduct. Beyond acknowledging familiarity with the contents of his pretrial agreement by his signature, the appellant was specifically asked at trial if he had read the entire document, discussed it thoroughly with his counsel before signing and whether he understood all its provisions. Appellant responded affirmatively. The defense counsel also indicated his awareness of the terms of the agreement, in accordance with his professional responsibilities as defense counsel. In contrast, then, to the circumstances present in the *Santos* case, there is no doubt in my mind that, applying ordinary contract law, there was a mutual manifestation of assent to the terms of the pretrial agreement in this case and that a valid pretrial agreement existed. We distort both contract law and criminal law by an unrealistic legalistic melding of the two, increasingly more apparent in decisions affecting not only guilty pleas, conditioned, as in this case, by application of the *Elmore, Green, King* line of cases, but also by the *Catlow, Russo* perspectives on jurisdiction.

We also implicitly label defense counsel incompetent and an accused either a dupe or a victim of naivete under circumstances such as this—conclusions I am unwilling to concede—when an accused negotiates and subscribes his understanding to a guilty plea agreement with a convening authority, who in the usual case is a non-lawyer, albeit usually advised by a lawyer, responding to the initiative of an agreement proposed by an accused and his lawyer-counsel.

Included in the language recommended by the Judge Advocate General, and made a part of the pretrial agreement in this case, is a recitation of existing fact, i. e., that although a convening authority agrees to suspend a *punitive* discharge, he is not foreclosed from utilizing administrative procedures which could result in an *administrative* discharge. As administrative discharge procedures are a command prerogative existing independently of the military justice system, the inclusion of such a recitation of existing fact in a pretrial agreement is gratuitous and its absence generally is without legal significance, unless, as in the peculiar circumstances of the *Santos* case, it is revealed that the accused and his counsel bargained, in essence, for continued service, rather than the mere suspension of a punitive discharge.

It is ironic to note that, were the gratuitous recitation recommended by the Judge Advocate General, not included in the pretrial agreement in this case, my colleagues and I would be without cause to reverse this case. Reversal here, unlike in *Santos,* is not made necessary because there was no bargain struck, but simply because the military trial judge failed to include any mention of the added "provision" in his inquiry pursuant to *United States v. Green, United States v. King* and *United States v. Elmore,* all *supra.* Thus, this Court finds itself in the anomalous position of reversing the military judge below because he failed to assure on the record an accused's understanding of a term unnecessary to the pretrial agreement and included gratuitously, in accordance with a format suggested to help assure that the accused realized the existing powers of a convening authority. I repeat again what I have said previously, mirroring the admonition of Senior Judge Ferguson of the Court of Military Appeals—a pretrial agreement should be expressed in the simplest possible operative terms—a recitation of a plea of guilty in exchange for a limitation on sentence.

When the Court of Military Appeals mandated that the trial judge shoulder the primary responsibility for assuring on the record an accused's understanding of the conditions of his pretrial agreement, that Court concluded that it would view a failure to conduct a plea bargain inquiry as a matter affecting the providence of the accused's plea. *United States v. Green, supra,* at 456. In order to minimize the risk of inadequate inquiries, this Court propounded guidelines for all military judges in *United States v. Williamson,* 4 M.J. 708 (N.C.M.R.1977). Those guidelines were not complied with in this case.

The language of the added "provision", a mere recitation of existing fact, is clear and straightforward. Contained within the pretrial agreement, the appellant acknowledged having read it, discussed it with his counsel and understood it. It was the responsibility of appellant's counsel to explain the provision fully, and there is no indication that this was not done. While this Court may be satisfied that the appellant understood this provision, however, the Court of Military Appeals mandate has not been satisfied because the military judge failed to assure the accused's understanding of this added recitation on the record. Reluctantly, I am compelled to concur.