**UNITED STATES**

v.

**Daniel L. PONKA, Jr., 385 64 3023, Corporal (E–4), U. S. Marine Corps.**

**NCM 79 1272.**

U. S. Navy Court of Military Review.

Sentence Adjudged 15 May 1979.

Decided 25 April 1980.

LT Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LT Anne L. Mac Arthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, Senior Judge, and EDWARDS and MICHEL, JJ.

EDWARDS, Judge:

Appellant upon his plea of guilty was found guilty by a military judge sitting

alone of a single specification of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. Appellant was sentenced to be confined at hard labor for three months, to forfeit $75.00 pay per month for a period of three months, to be reduced to pay grade E–1, and to be discharged with a bad-conduct discharge. Pursuant to a pretrial agreement the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $75.00 pay per month for three months, and reduction to pay grade E–1, but suspended for twelve months that portion of the sentence adjudging a bad-conduct discharge and confinement at hard labor. The supervisory authority approved the sentence as modified and suspended by the convening authority and ordered it into execution since the convening authority had failed to do so.

The case comes to us with the following assigned errors:

## I

THE APPELLANT'S PLEAS OF GUILTY TO THE CHARGE AND SPECIFICATION THEREUNDER WERE IMPROVIDENT. *UNITED STATES V. SANTOS,* 4 M.J. 610 (N.C.M.R.1977); *UNITED STATES V. TOBEY,* 6 M.J. 917 (N.C.M.R.1979); *UNITED STATES V. MILLER,* 7 M.J. 535 (N.C.M.R.1979); *UNITED STATES V. THOMAS,* No. 78 0618 (N.C.M.R. 25 July 1978); *UNITED STATES V. ALBIN,* No. 79 0089 (N.C.M.R. 30 April 1979); *UNITED STATES V. NOBBS,* No. 79 0670 (N.C.M.R. 9 August 1979).

## II

THE MILITARY JUDGE AWARDED THE APPELLANT AN ILLEGAL SENTENCE.

We do not agree and affirm.

## I

Quite simply, appellant urges upon us that the failure of the pretrial agreement to include what has become for many a "boilerplate" clause informing the parties that the appellant was subject to administrative discharge, notwithstanding what the convening authority agreed to do with the sentence awarded by the court, is error. Appellant further argues that the absence of such a clause and the failure of the military judge to inquire into such a likelihood rendered the plea improvident.

In the instant case there has been no showing of a lack of understanding as to the terms and conditions of the agreement as was the case in *United States v. Santos, supra.* Nor do we have the inclusion of such a "boilerplate" clause and the failure of the military judge to ascertain if all parties' understanding of the clause comported with his understanding, as was the case in *United States v. Tobey, supra; United States v. Miller, supra; United States v. Thomas, supra; United States v. Albin, supra ;* and *United States v. Nobbs, supra.* We find the assigned error without merit.

The military judge is responsible for conducting a full and complete inquiry with the accused concerning any pretrial agreement in existence. *United States v. King,* 3 M.J. 458 (C.M.A.1977); *United States v. Green,* 1 M.J. 453 (C.M.A.1976); *United States v. Elmore,* 1 M.J. 262 (C.M.A.1976). In the instant case the military judge made the necessary inquiry into the terms of the agreement and in addition perceptively determined that in view of the convening authority's agreement to suspend all confinement there was an unmentioned understanding that a request for deferral of sentence would be approved. The defense counsel and the trial counsel stated that this was their understanding; in so doing the military judge incorporated the deferral as a condition of the pretrial agreement. The record is devoid, however, of any indication that action was taken concerning the deferral of sentence, contrary to the mandate of paragraph 88f, *Manual for Courts-Martial, 1969 (Rev.),* (MCM); appellant has

not noted this in his brief. The matter concerns us and we have been advised, pursuant to our Court Order, that:

1. The convening authority received a request to defer the appellant's confinement on 15 May 1979, which request was approved.
2. Appellant spent no time in post-trial confinement.
3. Appellant is currently on active duty.

The application for deferment and the action thereon are now a part of the record as a result of this Court's Order. It is now apparent that the judge-included condition as to deferment of sentence has been fully complied with, albeit the convening authority's action fails to reflect the deferment of sentence. We also note the appellant is currently on active duty and has not been subjected to any administrative discharge action, supporting the view that no such action was contemplated; therefore, there is no need to include the omitted "boilerplate" clause.

## II

■ Appellant contends that the military judge awarded an illegal sentence in that the specification under the charge was in fact a "failure to go" type offense rather than an unauthorized absence under Article 86, UCMJ. We agree with the Government that the specification describes an unauthorized absence and that the addition of the words "fail to report" merely describe how the absence began. An analysis of the two offenses will show that the aggravating factor to warrant an increase in the maximum punishment is the length of the period of absence, which was fairly pled in the specification. Appellant was fairly apprised and was not misled in the preparation of his defense, as evidenced by the providency inquiry. The additional words which were not a necessary ingredient of the offense may be considered redundant. *United States v. Long*, 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952).

Accordingly, the findings and sentence as approved on review below are affirmed.

Judge MICHEL concurs.

BAUM, Senior Judge (concurring):

I agree with Judge Edwards that both assignments of error should be rejected for the reasons set forth in his opinion. In addition, however, what I said in my concurring opinion in *United States v. Blackmon*, No. 80 0045 (N.C.M.R. 31 March 1980), should be repeated here. Whenever a pretrial agreement calls for suspension of a punitive discharge, military judges would be well advised to inquire into the understanding of all parties as to the possibility of an administrative discharge, whether or not there is a provision in the agreement bearing on that subject. Otherwise, there can be no assurance of a meeting of the minds on that possibility, rather than a return to duty. Without such an understanding, the situation that arose in *United States v. Santos*, 4 M.J. 610 (N.C.M.R.1977), could be repeated, rendering the pleas improvident.

In *Santos* there was no plea bargain provision relating to administrative discharge and no explanation at trial of that possibility. This Court, however, set aside the plea and resultant findings of guilty when it was shown that, despite the suspension of a bad-conduct discharge on probation, as called for by the pretrial agreement, the accused was being processed for administrative discharge against his wishes and contrary to his belief at trial that he would be returned to duty for the entire probationary period. No such showing or even assertion has been made in the instant case and, thus, there is no difficulty with the providence of appellant's pleas here; however, such could very well be raised successfully at this level whenever the judge fails to establish on the record the understanding of the parties at trial and steps are later taken to administratively discharge the accused.