**UNITED STATES**

v.

**Donald Edwin JAMES, 426 15 2535, Fireman Recruit (E-1), U. S. Navy.**

**NCM 80 0567.**

U. S. Navy Court of Military Review.

Sentence Adjudged 20 Nov. 1979.

Decided 20 Aug. 1980.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LT William C. Martucci, USNR, Appellate Government Counsel.

Before J. H. BAUM, O. L. PRICE and R. W. EDWARDS, JJ.

EDWARDS, Judge:

Appellant assigns as error:

THE MILITARY JUDGE ERRED BY NOT INFORMING APPELLANT OF HIS "CHOICE OF FORUM" RIGHTS UNTIL AFTER FINDING HIM GUILTY PURSUANT TO HIS PLEAS, THEREBY RENDERING THE PLEAS IMPROVIDENT. *UNITED STATES V.*

*CARE,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

We disagree and affirm.

Appellant entered his plea and was advised of the rights that would be given up by such a plea. He was then found guilty after an explanation of the meaning and effect of his plea, advice on the elements of the offense, and a factual predicate was established. At this point in the trial the military judge advised appellant of his forum rights after which he elected in writing to be tried by military judge alone.

We are asked to set aside the findings and sentence because the failure to advise of the forum rights until after findings renders appellant's plea improvident. *United States v. Care, supra.* The apparent rationale is that appellant could not knowingly waive his right to a trial on the merits if he was not aware of all his forum options thereby rendering his plea improvident.

*Care* requires that the elements of the offenses to which the accused pleads guilty be explained to him and that a factual predicate for the offense be established. In addition, the

> record must also demonstrate the military trial judge or president personally addressed the accused, advised him that his plea waives his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him; and that he waives such rights by his plea.

*Id.* at 541, 40 C.M.R. at 253. The military judge fully complied with *Care* in the instant case. We do not agree with appellant's contention that included within the requirement to explain that a plea of guilty waives trial of the facts by a court-martial exists a requirement also to explain forum rights. It should be noted, however, that as we pointed out in *United States v. Simpson,* No. 79 1389 (N.C.M.R. 20 May 1980), this issue would be obviated if military judges followed the sequence of events set forth in Appendix 8*b, Manual for Courts-Martial 1969 (Rev.)* by inquiring into an accused's desire for trial by, military judge alone *be-*

*fore* receiving the pleas. In any event, failure to follow that procedure does not constitute prejudicial error. *See generally United States v. Miller,* 7 M.J. 535 (N.C.M. R.1979); *United States v. Cunningham,* 6 M.J. 559 (N.C.M.R.1978).

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge PRICE concur.