## UNITED STATES

v.

**Connie S. FORD, 324 54 5336, Seaman Apprentice (E–2), U. S. Navy.**

**NMCM 81 2047.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence adjudged 22 Dec. 1980.

Decided 30 Oct. 1981.

---

LT Richard K. Delmar, JAGC, USNR, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before CEDARBURG, SANDERS, and MAY, JJ.

CEDARBURG, Chief Judge:

Appellant assigns a number of alleged errors:

## I

THE FAILURE OF THE MILITARY JUDGE TO ADVISE APPELLANT OF HER RIGHT TO A COURT-MARTIAL CONSISTING OF MEMBERS PRIOR TO ACCEPTANCE OF HER PLEAS OF GUILTY SUBSTANTIALLY PREJUDICED APPELLANT, AND IS A FATAL JURISDICTIONAL DEFECT.

## II

TRIAL DEFENSE COUNSEL'S ACTIVE ASSISTANCE IN APPELLANT'S REQUEST FOR A PUNITIVE DISCHARGE, AND, HIS ESTABLISHMENT ON THE RECORD THAT THE REQUEST WAS CONTRARY TO HIS ADVICE, DENIED APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL.

## III

IMPOSITION OF A FINE IS AN INAPPROPRIATE AND UNFAIR PUNISHMENT.

We find no error and affirm.

## I

This Court has repeatedly rejected the contention of appellant's first assignment of error and has concluded that courts-martial are not deprived of jurisdiction as a result of a practice extant in some trial judicial circuits of conducting an Article 39a, Uniform Code of Military Justice,

session in which pleas of guilty are entered and accepted, and findings made, prior to advice regarding forum rights and action upon a request for trial by military judge alone. We adhere to our repeated rejections of the error and the authority for our disposition. *United States v. James*, 10 M.J. 646 (N.C.M.R.1980); *United States v. Miller*, 7 M.J. 535 (N.C.M.R.1979); *United States v. Cunningham*, 6 M.J. 559 (N.C.M.R. 1978).

## II

■■ We are satisfied that the record in this case reflects that appellant was represented by competent counsel who exercised that competence throughout the trial. *United States v. Rivas*, 3 M.J. 282 (C.M.A. 1977). It is apparent that appellant desired a punitive discharge as a means of terminating her Navy obligation and had no intention of providing further useful service to the Navy. Her counsel acceded to her wishes and it cannot be concluded that his decision to make this fact known to the military judge was not part of a deliberate tactic to achieve his client's desire while arguing for a discharge as the sole punishment. This is all the more true in view of the pretrial agreement he had already negotiated. Counsel may properly assist an accused in an attempt to persuade the court to·impose a bad-conduct discharge without other punishment. *United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970).

## III

Appellant complains that her punishment which includes imposition of a fine is inappropriate and unfair. We do not agree that her punishment, either in its parts or in its whole, is inappropriate or unfair.

Appellant testified that she became an unauthorized absentee because she "wanted out of the Navy" and that her unauthorized absence of almost two years duration was calculated to achieve that result. She negotiated a pretrial agreement which allowed approval of a bad-conduct discharge but limited confinement to 75 days if a bad-conduct discharge was awarded. She testified that she had been advised by her counsel of the adverse effects of a bad-conduct discharge, but despite his advice, she still requested the discharge. Counsel argued that appellant should be given what she requested from the court and no confinement or other punishment should be awarded. The pretrial agreement made specific provision for approval of a fine if imposed. The military judge questioned appellant and received her acknowledgement that she understood that a fine could be awarded and approved.

We note first the central thrust of appellant's sentencing goals, award of a bad-conduct discharge and no other punishment. The discharge, despite its characterization, is what appellant desired in order to relieve herself of the remaining four years of her enlistment obligation. It has been many years since Judge Brosman declared the following in *United States v. Kelley*, 5 U.S. C.M.A. 259, 264, 17 C.M.R. 259, 264 (1954): "Viewed realistically and practically, I doubt that any punishment is more severe than a punitive discharge." Dramatic changes affecting the practical effects of a bad-conduct discharge have occurred in the intervening 27 years. Without attempting to catalogue the differences in the prejudicial effects of a bad-conduct discharge on the accused's societal, governmental and employment standing, then and now, we must acknowledge that what may have been an accurate analysis in 1954 does not reflect the current objective severity of the punishment.

■■ The military judge awarded a bad-conduct discharge, which was appropriate. Given the circumstances, any sentence permitting continued service was doomed to failure. He did not impose either confinement or forfeitures as advocated by defense counsel but did elect to set a fine, collectible at the time any sentence is ordered into execution. A fine is a permissible sentence element which is not precluded by any *Code* or *Manual* limitation. Furthermore, no limit was set by the pretrial agreement. Although paragraph 126*h*(3), *Manual for Courts-Martial, 1969 (Rev.)*, cited by appel-

lant, provides that a fine normally should not be adjudged unless the accused was unjustly enriched as a result of the offense, the provision is advisory and not mandatory. *United States v. Cuen,* 9 U.S.C.M.A. 332, 26 C.M.R. 112 (1958). Given the refusal of appellant to further serve, the futility of a sentence which would permit rehabilitation and realistically allow collection of forfeitures, and the debatable severity of a bad-conduct discharge to this offender, we find that the fine represented a fair, reasonable, and appropriate sentence element.

The findings and sentence as approved on review below are affirmed.

Judge SANDERS and Judge MAY concur.