**UNITED STATES**

v.

**William Reeves GREGG, 170 48 6050, Airman (E–3), U. S. Navy.**

**NCM 77 2168.**

U. S. Navy Court of Military Review.

Sentence Adjudged 11 April 1977.

Decided 16 March 1978.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

GLADIS, Judge:

Pursuant to pleas of guilty entered in accordance with a pretrial agreement, the accused was convicted at a special court-martial bench trial of willful destruction of military property, simple arson, and simple assault, in violation of Articles 108, 126, and 128, UCMJ, 10 U.S.C. §§ 908, 926, and 928. The sentence approved on review below

consists of a probationally suspended bad conduct discharge, confinement at hard labor for 75 days, forfeiture of $150 per month for 3 months and reduction to pay grade E–1.

The accused asserts and the Government concedes that the inquiry of the military judge concerning the pretrial agreement was inadequate because the judge did not secure from the defense counsel and the prosecutor confirmation that the written agreement encompassed all of the understandings of the parties. The issue presented by this appeal is whether there is a remedy for the deficient inquiry other than setting aside the findings. Citing *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) and *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), appellate Government counsel asks us to establish the facts by obtaining affidavits or answers to interrogatories from counsel or, in the alternative, to remand the record of trial to the convening authority for a limited hearing. We reject the Government's position and reverse, because such a defect in a plea bargain inquiry is a matter affecting the providence of the accused's plea and requires the remedy normally utilized in cases involving improvident pleas, that is, setting aside the findings based upon the improvident pleas of guilty and authorizing a rehearing at which the accused is permitted to plead anew.

In *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976), to ensure that the propriety and meaning of various plea bargain provisions would be satisfactorily set forth on the record, the Court of Military Appeals announced guidelines for plea bargain inquiries, which included the trial judge's securing assurance from the counsel for the accused as well as the prosecutor that the written agreement encompasses all of the understandings of the parties. The Court noted that a plea bargain inquiry is essential to satisfy the statutory mandate[1] that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made, and held that henceforth failure to conduct a plea bargain inquiry would be viewed as a matter affecting the providence of the accused's plea. Subsequently, in *United States v. King*, 3 M.J. 458 (C.M.A. 1977), a case in which the military judge failed to secure from the defense counsel as well as the prosecutor confirmation that the written pretrial agreement encompassed all of the understandings of the parties, the Court declined to fill in a record left silent by the trial judge's omission or, even absent a showing of a *sub rosa* agreement, refrain from declaring the plea provident. The Court stated that refusal to declare a plea improvident, because of failure of the trial judge to follow the procedure set forth in *Green* strictly, is unacceptable because it ignores the basic policy behind *Green* of requiring the trial judiciary to participate actively in and prepare a record for the appellate authorities which satisfactorily demonstrates the absence of such agreements; declined to adopt a different remedy from that normally utilized in providence cases under *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); and reversed.

In *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court was faced with determining the effect of noncompliance with a rule designed to assist the district judge in making the constitutionally required determination that an accused's guilty plea is truly voluntary and produce a complete record at the time the plea is entered of the factors relevant to the voluntariness determination. The rule required the judge to address the defendant personally and determine that the plea was made voluntarily with understanding of the nature of the charge and the consequences of the plea. Rejecting the holdings of the courts of appeals which had ruled that, if voluntariness cannot be determined from the record, the case should be remanded for an evidentiary hearing on the

---

1. *See* Article 45(a), UCMJ, 10 U.S.C. § 845; *United States v. Chancelor*, 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966).

issue; the Supreme Court adopted the Ninth Circuit holding that, when the district court does not comply fully with the rule, the guilty plea must be set aside and the case remanded for another hearing at which the defendant may plead anew. The rule in question was designed to eliminate any need to resort to a later fact-finding proceeding and to eliminate at the outset any disputes as to the understanding of the defendant and the voluntariness of his action. Noting the difficulty of achieving the purpose of the rule through a post-conviction voluntariness hearing, because, when the ascertainment of voluntariness is subsequently made, greater uncertainty is bound to exist, since in the resolution of disputed contentions, problems of credibility and reliability of memory cannot be avoided; the Court found that prejudice inheres in a failure to comply with procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of the plea.

In *Blackledge v. Allison, supra,* the Supreme Court sanctioned the use by a federal district judge, pursuant to the Rules Governing Habeas Corpus Proceedings, of interrogatories and uncontroverted affidavits in order to determine whether an evidentiary hearing into an accused's allegations in a petition for habeas corpus is necessary. In *United States v. DuBay, supra,* the Court of Military Appeals ordered evidentiary hearings to determine whether trials were infected with unlawful command influence and directed the law officers (trial judges) to set aside the findings or sentence, or both, if such influence was found. The Court has sanctioned the use of such hearings to resolve various other issues. *United States v. Ray,* 20 U.S.C.M.A. 331, 43 C.M.R. 171 (1971) (speedy trial); *United States v. Perez,* 18 U.S.C.M.A. 24, 39 C.M.R. 24 (1968) (denial of counsel). *See United States v. McCarthy,* 25 U.S.C.M.A. 30, 54 C.M.R. 30 (Interim), 2 M.J. 26 (1976) (jurisdiction). *Cf. United States v. Dyjak,* 18 U.S.C.M.A. 81, 39 C.M.R. 81 (1969) (admissibility of

evidence). We are unaware of any case on direct appeal in which the Court of Military Appeals has authorized a limited rehearing at which the accused is not permitted to plead anew to cure a defective inquiry into the voluntariness and providence of the accused's pleas. *But cf. Smith v. Helgemoe,* 23 U.S.C.M.A. 38, 48 C.M.R. 509 (1974) (providence of plea raised by post-trial allegation in petition for habeas corpus); *United States v. Davis,* 47 C.M.R. 831 (N.C.M.R. 1973) (providence of plea raised by post-trial affidavit on direct review).[2] *Compare United States v. Berkley,* 47 C.M.R. 30 (N.C. M.R. 1973), in which this Court approved a proceeding in revision, at which the accused was, in effect, permitted to plead anew, to supplement a defective *Care* inquiry *with United States v. Kaetzel,* 48 C.M.R. 58 (A.F. C.M.R. 1973), in which the Air Force Court of Military Review held that a proceeding in revision could not cure an improvident plea. Another panel of this Court has approved of the use of affidavits by this Court to fill in asserted procedural gaps in a record when actual prejudice has not been alleged. *United States v. Williamson,* 4 M.J. 708 (N.C.M.R. 1977). This position, espoused by the Army Court of Military Review in *United States v. Crowley,* 3 M.J. 988 (A.C.M.R. 1977) (en banc), has, in our opinion, been rejected by the Court of Military Appeals in *King.*

We construe *King* to prohibit appellate authorities from filling in a record which does not establish the providency of an accused's pleas by compliance with the procedures mandated in *Care* and *Green.* We cannot distinguish this case from *King.* The military judge failed to obtain the requisite assurances from either the trial or the defense counsel. He did not ask the accused himself whether the written agreement encompassed all the understandings of the parties. Therefore, we decline to follow *Crowley* or *Williamson* or order a limited rehearing at which the accused is not permitted to plead anew. To do so

---

2. It appears that the providence inquiries in *Smith v. Helgemoe* and *Davis* were sufficient under the existing law and no issues of providency arose until they were raised by the post-trial assertions of the accused. Limited evidentiary hearings were ordered in these cases.

would be to ignore the holdings in *Green* and *King*. *Green* holds that the plea bargain inquiry is part of the *Care* inquiry into the providence of the accused's pleas. *King* holds that the remedy for the defect in the plea bargain inquiry found in that case and the case at bar is the remedy normally utilized in cases involving *Care* violations. A different standard of review is utilized when a judge determines whether a conviction is subject to collateral attack than when an appellate court possessing fact-finding powers is tasked with determining on direct appeal that findings of guilty are correct in law and fact. *Compare, Blackledge* (habeas corpus) with *McCarthy v. United States, supra* (direct appeal). The decision of the Supreme Court in *McCarthy* had an important bearing on the decision of the Court of Military Appeals in *Care*, in which the Military Court promulgated a procedure designed to assure that the accused's plea is truly voluntary by establishing its providence on the record. *Care* requires a judicial determination of the providence of the plea and a total transcript of the plea inquiry for the purpose of review. *United States v. Lanzer*, 3 M.J. 60 (C.M.A. 1977). We reiterate that in *Green, supra,* the Court said that the plea bargain inquiry is essential to satisfy the statutory mandate that a guilty plea not be accepted unless the trial judge first determines that it has been voluntarily and providently made. In *King* the Court emphasized again that failure to follow the procedure mandated in *Green* affects the providence of the plea and held that the omission must be remedied by the remedy normally utilized for *Care* violations. That remedy is the *McCarthy* remedy—setting aside the guilty plea and remanding the case for another hearing at which the accused is permitted to plead anew. The purposes of the procedural rule addressed in *McCarthy* and the rules enunciated in *Care* and *Green* are synonymous. There is no adequate substitute for demonstrating in the record at the time a guilty plea is entered that the plea is truly voluntary. Therefore, we reject the Government's suggestion that a defective plea bargain inquiry may be remedied by obtaining affidavits or the answers to interrogatories from counsel or ordering a limited rehearing at which the accused is not permitted to plead anew. The remedy mandated by the Court of Military Appeals is declaring the plea improvident, setting it aside, and permitting the accused to plead anew. *United States v. King, supra. See United States v. Wilson*, 4 M.J. 687 (N.C.M.R. 1977).

*King* is dispositive here. Finding that the procedure mandated in *Green* has not been complied with, we must hold that the guilty pleas of the accused in this case are improvident and set them aside. Accordingly, the findings of guilty and sentence are set aside. A rehearing is authorized.

Senior Judge NEWTON concurs.

Judge GRANGER (ABSENT).