**UNITED STATES**

v.

**James K. DIMPTER, 176 50 1774, Airman (E–3), U. S. Navy.**

**NCM 77 2099.**

U. S. Navy Court of Military Review.

Sentence Adjudged 17 Aug. 1977.

Decided 18 Jan. 1979.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GREGORY, Judge:

Pursuant to his pleas, appellant stands convicted of seven specifications in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, alleging wrongful possession, transfer, and sale of marijuana. The sentence as the case now reaches us provides for a bad-conduct discharge (suspended on probation), confinement at hard labor for 60 days, forfeiture of $150.00 per month for 2 months, and reduction to pay grade E-2.

Appellant had entered his guilty pleas in accordance with the terms of a pretrial agreement with the convening authority. The military judge conducted an inquiry into the circumstances surrounding initiation of the pretrial agreement; however, during this inquiry, the judge failed to inquire of the trial counsel whether the written agreement encompassed all the understandings of the parties. *See United States v. Green*, 1 M.J. 453 (C.M.A.1976). On this basis, a proceeding in revision pursuant to paragraph 80, *Manual for Courts-Martial, United States, 1969* (Revised edition), was ordered by this Court to delve into the matter.[1]

The proceeding in revision held on 27 June 1978, indicated that the written pretrial agreement constituted the entire understanding of the parties. The record of trial has been returned for completion of our review. Appellant now contends that proceedings in revision are not the proper remedy to cure a defective plea-bargain inquiry. We concur in appellant's contention, inasmuch as a proceeding in revision is not designed to afford an accused an opportunity to plead anew. *United States v. Gregg*, 4 M.J. 897 (N.C.M.R.1978); *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). *But see United States v. Williamson*, 4 M.J. 708 (N.C.M.R. 1977), *pet. denied* 5 M.J. 219; *United States v. Smith*, 5 M.J. 842 (A.C.M.R.1978).

Although we are of the opinion that an accused must be afforded an opportunity to plead anew in order to cure a defective plea-bargain inquiry, and appellant was not afforded such an opportunity at the proceeding in revision in his case, we disagree with our colleagues who determined that the plea-bargain inquiry originally conducted in this case was defective.

The record of trial as to the original plea-bargain inquiry shows a careful questioning of appellant by which the military

1. *United States v. Dimpter*, No. 77 2099 (N.C.M.R. 10 March 1978).

judge assured himself that appellant understood each of the terms of the pretrial agreement with the convening authority, including the sentence limits which could be approved. (R.18, 53). In addition, the military judge asked and received assurance from the individual military counsel for appellant that the written pretrial agreement constituted the entire agreement between appellant and the convening authority. (R.17). Although the same question was not addressed to trial counsel, we conclude that his silence in the face of his trial counterpart's categorical assertion is confirmation of the absence of any hidden, ancillary agreements. In this regard, we must recognize that trial counsel is an officer of the court, and silence in the face of individual military counsel's response to the judge, should trial counsel not concur, would be tantamount to misrepresentation. *See United States v. Worthy*, No. 77 2158 (N.C.M.R. 14 February 1978); *United States v. Leigh*, No. 77 2138 (N.C.M.R. 31 January 1978). In line with this reasoning, we also conclude that trial counsel and individual military counsel concurred in the interpretation of the pretrial agreement manifested by the military judge in his discussion of the agreement with appellant at trial. *See United States v. Clendenning*, No. 78 0155 (N.C.M.R. 28 March), *petition denied*, 5 M.J. 360 (C.M.A.1978); *United States v. Blasingame*, No. 77 2008 (N.C.M.R. 18 January 1978), *petition denied*, 5 M.J. 138 (C.M.A. 1978); *United States v. Beckman*, 4 M.J. 814 (A.C.M.R.1978).

In summary, we find the requirements of *United States v. King*, 3 M.J. 458 (C.M.A. 1977) and *United States v. Green, supra*, to have been met and appellant's guilty pleas to have been entered voluntarily and providently.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Judge GLADIS concurs.

DUNBAR, Senior Judge (dissenting):

I dissent for the reasons stated in my concurring opinion in *United States v. Williamson, supra*.