### UNITED STATES

#### v.

**Ralph STECK, 071 50 8627, Machinist's Mate Fireman (E–3), U. S. Navy.**

**NCM 79 0902.**

U. S. Navy Court of Military Review.

Sentence Adjudged 13 March 1979.

Decided 31 Jan. 1980.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT J. G. Van Winkle, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his guilty pleas at a general court martial bench trial of willfully damaging military property (two specifications), larceny of controlled drugs, and housebreaking, in violation of Articles 108, 121, and 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 908, 921, and 930, and sentenced to a bad-conduct discharge, confinement at hard labor for 12 months, forfeiture of $250.00 pay per month for 12 months and reduction to pay grade E–1. The convening authority directed a proceeding in revision, at which the accused was afforded the opportunity to withdraw his pleas, to cure a faulty plea bargain inquiry by establishing whether the pretrial agreement encompassed all of the understandings of the parties. See Article 62(b), UCMJ, 10 U.S.C. § 862(b); United States v. King, 3 M.J. 458 (C.M.A.1977); United States v. Green, 1 M.J. 453 (C.M.A. 1976). After such a proceeding was held, the convening authority approved the sentence but suspended confinement and forfeitures in excess of 6 months.

■ The issues presented by this appeal are whether a defective plea bargain inquiry may be cured by a proceeding in revision and, if so, whether the proceeding in this case did cure the defect.[1] We find that, although a proceeding in revision at which the accused is permitted to plead anew may cure a defective plea bargain inquiry if the entire record establishes the voluntariness of the accused's pleas, it did not do so in this case because the accused was not advised of the correct maximum punishment at the proceeding. Therefore, the entire record does not establish the voluntariness of his pleas.

In King, supra, finding that the plea bargain inquiry was inadequate because the military judge did not secure from counsel confirmation that the written agreement encompassed all of the understandings of the parties and that his interpretation comported with that of the parties, the Court of Military Appeals held, in effect, that the remedy for a defective plea bargain inquiry was that normally utilized in guilty plea cases in which the providence of the pleas is not established by the trial judge's inquiry. That remedy is a hearing at which the accused is permitted to plead anew. United States v. Gregg, 4 M.J. 897 (N.C.M.R.1978). See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

Citing Gregg, supra, and United States v. Dimpter, 6 M.J. 824 (N.C.M.R.1979), the accused argues on appeal that proceedings in revision may not be used to cure a defective plea bargain inquiry because such proceedings do not afford the accused an opportunity to plead anew. Appellate defense counsel contends that an accused may not withdraw or change his pleas at a proceeding in revision because Manual for Courts-Martial, 1969 (Rev.) (MCM), paragraph 80c, prohibits the reopening of a case by the calling of witnesses or otherwise. See United States v. Simms, 20 C.M.R. 720 (A.F. B.R.1955).

In Dimpter, supra, we noted that a proceeding in revision is not designed to afford an accused the opportunity to plead anew. But in United States v. Barnes, 21 U.S.C. M.A. 169, 44 C.M.R. 223 (1972), the Court of Military Appeals approved the use of a proceeding in revision to cure a deficiency in the trial judge's advice to the accused on his rights to counsel, noting that compliance with the objective of United States v. Donohew, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), to ensure that the accused understood those rights, was established by show-

---

1. This case was tried after United States v. King, supra. Therefore, failure to comply with the guidelines established in United States v. Green, supra, for a plea bargain inquiry cannot be cured by subsequent proceedings which achieve substantial vice full compliance with Green. Cf. United States v. Crowley, 7 M.J. 336 (C.M.A.1979).

ing at the proceeding in revision that the accused understood his rights. The Court also noted that if an accused indicated he did not understand, apparently he would have been granted a rehearing. In the case at bar, had the accused withdrawn his pleas at the proceedings directed by the convening authority, the military judge could have terminated the proceedings and the convening authority could have subsequently set aside the findings of guilty and ordered a rehearing. There appear to be no sound reasons why a proceeding in revision or limited rehearing at which the accused is permitted to withdraw his pleas cannot be utilized to cure a defective plea bargain inquiry. *Compare United States v. Berkley*, 47 C.M.R. 30 (N.C.M.R.1973) (proceeding in revision at which the accused was permitted to plead anew utilized to cure defective providence inquiry) *with United States v. Kaetzel*, 48 C.M.R. 58 (A.F.C.M.R. 1973) (proceeding in revision does not cure defective providence inquiry).

We recognize that in *Gregg, supra*, we said that the remedy for a defective providence inquiry is declaring the plea improvident, setting it aside, and permitting the accused to plead anew. Upon reexamination, we find the language in *Gregg* to be unnecessarily broad. Although prejudice may inhere in failure to comply with procedural safeguards that are designed to facilitate an accurate determination of the voluntariness of the accused's plea, such prejudice may be cured without setting aside the pleas, findings of guilty, and sentence, in proceedings in which the accused is permitted to withdraw his pleas, because such proceedings will provide a record which will effectuate the policies underlying the procedural safeguards announced in *McCarthy v. United States, supra*, and *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), which mandate demonstration upon a record established by the trial judge when the plea is entered that it is voluntary and provident. Although the findings of guilty

have not been set aside, a subsequent proceeding at which the accused is permitted to withdraw his pleas and plead anew may be used to supplement a defective providence inquiry and satisfy the requirements of *Care* because, if the accused persists in his pleas, he is, in effect, reentering his pleas and their providence is thereby demonstrated at the time of entry. Inasmuch as a defective plea bargain inquiry affects the providence of the plea and the remedy for a defective plea bargain inquiry is the same as the remedy for an improvident plea, a defective plea bargain inquiry may be cured at a proceeding at which the accused is permitted to plead anew without setting aside the plea. Therefore, to the extent that *Gregg* requires the setting aside of an improvident plea of guilty by reason of a defective plea bargain inquiry, we decline to follow that case and hold that a defective providence or plea bargain inquiry may be cured by a proceeding in revision or limited rehearing at which the accused is permitted to plead anew.[2]

In this case, however, although the accused was permitted to plead anew, the proceeding in revision did not suffice to cure the defective plea bargain inquiry. The record as supplemented by the transcript of the proceedings in revision does not demonstrate the voluntariness and providence of the accused's pleas because it does not demonstrate that the accused was advised at the proceeding in revision of the maximum sentence which could be imposed if he elected to withdraw his plea of guilty and enter a plea of not guilty. *See* MCM, paragraph 70*b*; *United States v. Care, supra*; *United States v. Chancelor*, 16 U.S.C. M.A. 297, 36 C.M.R. 453 (1966). At the initial providence inquiry, the accused was advised that the maximum punishment for the offenses to which he had pleaded guilty was a dishonorable discharge, confinement at hard labor for 5 years, total forfeitures and reduction to pay grade E–1. After

2. In order to avoid misunderstandings and errors at a proceeding in revision or limited rehearing designed to cure a defective plea bargain inquiry, a new providence inquiry using

the guidelines for initial inquiries set forth in *United States v. Williamson*, 4 M.J. 708 (N.C. M.R.1977), *pet. denied*, 5 M.J. 219 (C.M.A. 1977), should be conducted.

finding the accused's pleas to be provident and announcing findings of guilty, the trial judge imposed a sentence consisting of a bad-conduct discharge, confinement at hard labor for 12 months, forfeitures of $250.00 per month for 12 months, and reduction to pay grade E–1. At the proceeding in revision he did not advise the accused that the maximum punishment for the offenses to which the accused had pleaded guilty could not exceed the sentence he had pronounced previously. See Articles 62(b)(3) and 63(b), UCMJ. Thus the entire record does not demonstrate the voluntariness of the accused's pleas because it does not establish that he understood the nature and consequences thereof. Under the circumstances of this case, we see no useful purpose in ordering a limited rehearing at this stage of the proceedings.

Accordingly, the findings of guilty and sentence are set aside. A rehearing is authorized.

Judge GREGORY concurs.

DUNBAR, Senior Judge (concurring in the result):

In my opinion the majority is further complicating an already complicated situation. They are superimposing a new set of rules and guidelines dictating when revision and limited rehearing sessions are procedurally valid to cure pleas declared improvident as a matter of law by the holdings in United States v. King, 3 M.J. 458 (C.M.A.1977).

In the instant case, the majority holds that proceedings in revision may cure a defective plea bargain inquiry. At the same time, it is asserted that the procedure of this particular revision proceeding was incorrect because the accused was not advised of the correct maximum punishment at the hearing. In United States v. Newkirk, 8 M.J. 684, (N.C.M.R.1980), we held that revision proceedings were invalid to cure a defective plea bargain because the

military judge refused to allow the accused to change his pleas, apparently on the basis of paragraph 70b, Manual for Courts-Martial, 1969 (Rev.). To further complicate the matter, the majority opinion is inconsistent with a previous decision of this Court in United States v. Gregg, 4 M.J. 897 (N.C.M.R.1978). Gregg held that the remedy for a defective providence inquiry is declaring the plea improvident, setting it aside, and permitting the accused to plead anew. This Court now finds, upon reexamination, the language in Gregg to be unnecessarily broad. There is little question in my mind that the next revision proceeding we examine which was utilized to cure a defective plea bargain will present some other type of infirmity. And in my opinion all of this difficulty can be attributed to an unwillingness to face up to the fact that revision proceedings, as defined in Article 62, Uniform Code of Military Justice, were not designed to regenerate improvident pleas. If a plea is improvident, such a fact goes to the heart of the proceeding and a rehearing must occur.

As stated before, in United States v. Gregg, supra, this Court held that failure to follow the procedure mandated in Green affects the providence of the plea and that such an omission must be remedied by the remedy normally utilized for Care[1] violations. That remedy is the McCarthy[2] remedy, setting aside the guilty plea and remanding the case for another hearing at which the accused is permitted to plead anew. In Gregg, we authorized a rehearing. We reiterated this position in United States v. Dimpter, 6 M.J. 824 (N.C.M.R. 1979), in which we stated that a proceeding in revision is not the proper remedy to cure a defective plea bargain inquiry, citing United States v. Gregg, supra ; McCarthy v. United States, supra. Also see United States v. Williamson, 4 M.J. 708 (N.C.M.R. 1977),[3] pet. denied 5 M.J. 219; United States v. Smith, 5 M.J. 842 (A.C.M.R.1978).

---

1. United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

2. United States v. McCarthy, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

3. The concurring opinion in Williamson, supra at 711 n.1, claimed that an improvident plea goes to the heart of the trial proceedings and cannot be cured by affidavits or revision proceedings.

It is undeniable that the majority of the military legal community considers the mandates and mechanical rigamarole set out in *Green* and *King* to be bad law. For example, the Government now requests that this Court:

> grasp the nettle—that it put its stamp of approval on correction of purely formal *Green -King* errors in cases where no outside agreements exist and where the accused has no wish to plead anew. This *Green* and *King* genie cannot be put back into its bottle, but it can at least be kept in the larger bottle in which the Air Force and Army Courts now confine it.

I would reject this proposal. This Court must abide by the case law as formulated by the High Court; to do otherwise will create greater confusion than that which already exists in military law. In my opinion, the High Court must correct and modify the rigid and inflexible principles elaborated in *Green* and *King* to insure their practical application and functioning in the military justice system and to free and liberalize the judgments of the service appellate courts in dealing with problems such as the one now before us.

I believe that the earlier determination of this Court in *United States v. Gregg, supra,* that an "improvident plea" cannot be cured by a proceeding in revision was judicially sound and in accordance with generally accepted principles of law. For us to reject our earlier holding in *Gregg* to this effect and to surround revision proceedings with new rules and doctrines does a disservice to those in the field grappling with the legal procedural difficulties set in motion by *United States v. King, supra.*

Accordingly, I concur in the result, recognizing that our returning this case for a third hearing seemingly manifests an absence of good sense.