**UNITED STATES, Appellee,**

v.

**John D. G. CRUZ, Hospitalman, U.S. Navy, Appellant.**

No. 38,164.

NCM No. 79–0748.

U. S. Court of Military Appeals.

Nov. 17, 1980.

For Appellant: *Lieutenant P. B. Haskel,* JAGC, USN.

For Appellee: *Lieutenant Commander John C. Vinson,* JAGC, USN.

*Opinion of the Court*

PER CURIAM:

Appellant was tried by special court–martial before military judge alone, and in accordance with his pleas was found guilty of conspiracy to steal demerol, use and transfer of demerol, larceny of demerol, and uttering a forged prescription, in violation, respectively, of Articles 81, 92, 121, and 123, of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 921 and 923. The convening authority approved the findings, but because of the absence of a verbatim transcript of the sentence proceedings, he ordered a rehearing on the sentence. The rehearing was subsequently conducted and the appellant was sentenced to a bad–conduct discharge, confinement at hard labor for 3 months, forfeiture of $200.00 pay per month for 3 months, and reduction to the grade of E–1. The convening authority approved the sentence but suspended the bad–conduct discharge. The supervisory authority approved the findings and because of a multiplicity problem reassessed the sentence; upon reassessment he approved the sentence as approved and partially suspended by the convening authority. The United States Navy Court of Military Review affirmed.

On this appeal the appellant contends that his guilty pleas were improvident because the military judge failed at both proceedings to obtain mutual assurances from the trial and defense counsel that their interpretation and comprehension of the meaning and effect of the pretrial agreement were the same as the judge's. He cites *United States v. Green,* 1 M.J. 453 (C.M.A.1976), and *United States v. King,* 3 M.J. 458 (C.M.A.1977).

The appellant's contention is in direct conflict with the courtroom colloquies which occurred at the two proceedings that were conducted. The record shows that the military judge inquired of the appellant as to his understanding of the pretrial agreement provisions, including the sentence limitations. The judge further received assurances of both counsel that the written agreement was the entire agreement and that their interpretation comported with his

as to the sentencing portion of the agreement. Moreover, at the rehearing on sentence, he asked if both counsel believed that the provisions of the pretrial agreement had been inquired into adequately and both counsel responded affirmatively. These exchanges reveal inescapably that there was full agreement concerning the terms of the appellant's plea bargain.[1]

The decision of the United States Navy Court of Military Review is hereby affirmed.

1. Whether strict or substantial compliance with the *King–Green* mandate is necessary need not delay us here, since all terms of the pretrial agreement were mutually understood.