UNITED STATES, Appellant,

v.

Ralph STECK, Machinist's Mate Fireman, United States Navy, Appellee.

No. 38,662.

NCM 79 0902.

U. S. Court of Military Appeals.

April 20, 1981.

*For Appellant: Lieutenant J. G. Van Winkle, JAGC, USNR (argued); Commander T. C. Watson, Jr., JAGC, USN (on brief).*

*For Appellee: Lieutenant Thomas P. Murphy, JAGC, USNR (argued); Lieutenant Commander Lawrence W. Muschamp, JAGC, USN (on brief).*

## OPINION OF THE COURT

COOK, Judge:

In accordance with his pleas, appellant was convicted by a general court-martial consisting of a judge alone of numerous violations of the Uniform Code of Military Justice. The convening authority, prior to acting on the record, directed the military judge to conduct a proceeding in revision pursuant to Article 62(b), UCMJ, 10 U.S.C. § 862(b), and paragraph 80, Manual for Courts-Martial, United States, 1969 (Revised edition). He noted in his order that the military judge was to conduct "[a] more thorough inquiry into the provisions of the pretrial agreement and the accused's understanding" thereof, and the judge should specifically inquire as to "whether the written, executed pretrial agreement encompasse[d] all the agreements and understandings of the parties." He further directed the military judge to explicitly state "*for the record as to whether or not* [the judge found] the provisions of the pretrial agreement to be in accord with appellate case law, not against public policy, and not contrary to . . . [his] notions of fundamental fairness," and to advise appellant "that

he may withdraw his pleas of guilty and enter pleas of not guilty." In due course, a proceeding in revision was conducted and acknowledgment was received that the agreement contained all the terms. After noting that such a finding was implicit in his original acceptance of appellant's guilty pleas, the military judge made an explicit finding that there were no illegal provisions in the pretrial agreement. Appellant stated that he did not wish to withdraw his pleas of guilty.

The United States Navy Court of Military Review, 8 M.J. 688, held that a proceeding in revision could be used to correct defects in the plea inquiry. However, although the appellant had been advised of the maximum imposable punishment during the original inquiry, the court below held that the revision proceeding was deficient because the appellant was not advised that the maximum imposable punishment was limited to the punishment initially imposed by the court-martial, which was less than that authorized by paragraph 127*c* of the Manual, *supra*. The Judge Advocate General of the Navy certified the following issues to this Court:

I

Was the United States Navy Court of Military Review correct, as a matter of law, when it concluded that proceedings in revision, as defined in Article 62(b), Uniform Code of Military Justice, can be used, in lieu of a rehearing, pursuant to Article 63, Uniform Code of Military Justice, to correct deficiencies [*United States v. King*, 3 M.J. 458 (C.M.A.1977); and *United States v. Green*, 1 M.J. 453 (C.M.A.1976)] in plea-bargain inquiries?

II

If the answer to question I is in the affirmative, was the United States Navy Court of Military Review correct, as a matter of law, when it held that an accused must be given an opportunity by the military judge to plead anew (*i. e.*, to withdraw his pleas of guilty and enter pleas of not guilty) during proceedings in revision ordered to correct defects in a plea-bargain inquiry?

III

If the answers to questions I and II are in the affirmative, was the United States Navy Court of Military Review correct, as a matter of law, when it held that the accused must also be advised by the military judge that, if he elected to plead anew, the maximum permissible sentence which could then be imposed would, consistent with Article 63(b), Uniform Code of Military Justice, not be in excess of or more severe than the original sentence imposed at the previously concluded trial?

These issues have caused some conflict among the Courts of Military Review. *Compare United States v. Smith*, 5 M.J. 842 (A.C.M.R.1978), and *United States v. Seberg*, 5 M.J. 589 (A.F.C.M.R.1978); *with United States v. Dimpter*, 6 M.J. 824 (N.C.M.R.1979), and *United States v. Gregg*, 4 M.J. 897 (N.C.M.R.1978). Initially, we note that the original inquiry was not fatally flawed as perceived by the convening authority. *See United States v. Myles*, 7 M.J. 132 (C.M.A.1979); *United States v. Caruth*, 6 M.J. 184 (C.M.A.1979). However, because resolution of the certified issues would have an important impact on the administration of military justice and there is conflict among the intermediate appellate courts, we skip over the question of mootness to resolve the issues.

In *United States v. Barnes*, 21 U.S. C.M.A. 169, 44 C.M.R. 223 (1972), the Court upheld the practice of conducting a revision proceeding to correct a deficiency in the procedure required by *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), regarding an accused's rights to counsel. Here, we are also concerned with a court-imposed procedure. *United States v. Green*, 1 M.J. 453 (C.M.A.1976). Appellant asserts that *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), requires a rehearing rather than a proceeding in revision limited only to the perceived deficiency in the origi-

nal providency inquiry. We disagree. In *McCarthy*, the Supreme Court was confronted with a factual controversy as to the voluntariness of the accused's pleas of guilty. The trial judge failed to comply with the requirements of Fed.R.Crim.P. 11, which precluded the Supreme Court from resolving the question of whether the guilty pleas were constitutionally involuntary on the basis of the record before the Court. After noting the difficulty facing a defendant who, on appeal, asserts that his guilty plea was involuntary because "the Government . . . [could] rely" on the accused's own "statement that he desired to plead guilty and frequently a statement that the plea was not induced by any threats or promises," the Court held that the appropriate remedy was to permit the accused to plead anew. *Id.* at 469, 89 S.Ct. at 1172. However, the present case does not involve a factual dispute as to the voluntariness of the guilty pleas. Indeed, the convening authority's action insured that the record of trial, itself, would preclude any successful assertion that there was an agreement between the parties that was not before the trial judge. Where the record, itself, is sufficient to resolve the question of voluntariness we do not perceive that a rehearing is warranted.

Indeed, we recently relied upon a colloquy between a trial judge and counsel that occurred during a rehearing on sentence to uphold pleas of guilty. *United States v. Cruz*, 10 M.J. 32 (C.M.A.1980). Appellant's argument that only an entire providency inquiry will suffice where a trial judge did not fully comply with *United States v. Green, supra,* was implicitly rejected by *Cruz*. Although the subsequent inquiry may produce responses that require a rejec-

tion of tendered pleas of guilty, this did not occur here.

██ A proceeding in revision is a continuation of the original trial; it is not a second trial or rehearing. Accordingly, the first certified issue is answered in the affirmative. Although the convening authority ordered that appellant be given an opportunity to withdraw his pleas, that action did not set aside appellant's original pleas. He did not order an entirely new providency inquiry as required by *McCarthy*. Thus, to the extent that issue II assumes that the original pleas were inchoate, we answer it in the negative. Obviously, if a military judge concludes that matters presented during a proceeding in revision are inconsistent with such pleas, he must then set them aside. As we do not view a proceeding in revision as a new providency inquiry, we also reject the decision of the court below that the appellant was not advised of the correct maximum imposable confinement.

The decision of the United States Navy Court of Military Review is reversed and the record of trial is returned to the Judge Advocate General of the Navy for resubmission to that court for further proceedings in light of this opinion.

FLETCHER, J., concurs.

EVERETT, Chief Judge (concurring).

The present case provides an excellent example of how an alert convening authority may utilize his powers under article 62(b) of the Uniform Code, 10 U.S.C. § 862(b), to assure that the rights of the accused are protected and to forestall a successful claim of prejudicial error upon subsequent appellate review.[1]

1. Of course, it is unnecessary to decide whether the original providency inquiry was complete; certainly a convening authority is well-advised to eliminate any possible issue.